Benjamin GREEN, Appellant,

v.

The STATE of Texas, Appellee.

Randall Corcoran MABRY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 55590, 55591.

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 16, 1980.

Rehearing Denied March 5, 1980.

William W. Morris, San Antonio, for appellants.

Felipe Reyna, Dist. Atty., and Karen R. Cable, Asst. Crim. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This is a joint appeal from convictions for possession of heroin. Each appellant pled not guilty and each was convicted by the

court who assessed appellant Green's punishment at 15 years' confinement and appellant Mabry's punishment at 6 years' confinement.

Appellants both contend that the heroin was seized as the result of an unlawful arrest and therefore, should have been excluded as evidence. We agree and reverse.

Waco police officer Robert Fuller testified that he first encountered the appellants at approximately 9 p. m. on January 20, 1976, when he stopped them for a traffic violation. While he was questioning the appellants, Fuller observed in the car's open glove compartment a clip of ammunition which led him to ask the appellants if they were carrying a gun. The appellants acknowledged that fact and surrendered a pistol to Fuller who copied its serial number and then returned it to the appellants. He released the appellants with only a verbal warning concerning the traffic violation. A subsequent check on the pistol revealed that it was stolen in San Antonio.

Later that evening, Fuller observed the appellants' car parked outside a motel. He checked the motel's register and found that appellants' car license number was given as part of the registration information for room 17 which was registered to a Mona Johnston, whose address was given as 219 Austin Street, Waco. Fuller concluded that this was a fictitious address because he had personal knowledge that the only structures standing on the 200 block of Austin Street in Waco were the city hall and convention center. Fuller reported his suspicious findings to Sergeant Herrin, his superior officer, whom he had called to the motel for assistance. Herrin told Fuller to return to the police station in order to verify the fact that the pistol possessed by the appellants was "an active stolen." Fuller confirmed that the pistol was currently reported stolen and returned to the motel at approximately 1 a. m. with this information. Fuller, Herrin and two other Waco police officers went to room 17, knocked on the door, identified themselves as police officers, and after no response from the occupants inside, used a pass key to open the door only to find that

it was latched with a chain from the inside. The officers heard the occupants of the room moving around inside hurriedly and after a minute or two, appellant Mabry unlatched the door from the inside and told the officers, "Come on in." Fuller went inside and stood near the restroom where he noticed floating in the toilet several plastic bags filled with a brown powdery substance which was later determined to be heroin.

Fuller further testified that when he and the other officers went to appellants' motel room it was their intent to recover the stolen pistol from the appellants and arrest the appellants for violating the City of Waco's "Innkeeper's Ordinance" because of the false registration information given.

The dispositive question before us is whether or not Officer Fuller was lawfully present inside the appellants' motel room at the time he observed the heroin in the toilet, for if he was, the seizure of the heroin which was in open view was lawful. *Jones v. State*, 565 S.W.2d 934 (Tex.Cr.App.1978). Since the appellants were arrested without a warrant, the officers' entry into the appellants' motel room can only be justified by the authority to arrest without a warrant under V.A.C.C.P., Articles 14.01 and 14.04 or if the entry was made with the appellants' consent.

With respect to the authority to arrest without a warrant, we note that Article 14.01, supra, provides in relevant part that "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." Article 14.04, supra, allows a peace officer to make a warrantless arrest when he has reasonably trustworthy information from a third person that a felony has been committed and that the offender is about to escape so that there is no time to procure a warrant.

As justification for arresting the appellants without a warrant, Fuller testified that in his opinion the appellants had violated the "Innkeeper's Ordinance" because they had apparently given false information when registering for the motel room. The "Innkeeper's Ordinance" al-

legedly violated by the appellants was not introduced into evidence or otherwise proved by the State. We must agree with the appellants' contention that since this ordinance was not properly proved, the trial court was unable to take judicial notice of its terms and provisions. The courts of this State cannot take judicial notice of the existence of city ordinances or their terms, and where they enter into a transaction and are relied on, proof of them is essential. *Cole v. State*, 556 S.W.2d 343 (Tex.Cr.App. 1977); *Jones v. State*, 354 S.W.2d 160 (Tex. Cr.App.1962). Thus, without the ordinance before us, we are unable to say that the appellants' alleged violation constituted an offense in the presence or within the view of the arresting officers so as to justify a warrantless arrest under Article 14.01, supra. Additionally, the fact that the appellants were in possession of a stolen gun several hours prior to their arrest is not a sufficient basis for the officers' conclusion that the appellants were committing an offense within their presence so as to justify a warrantless arrest.

■ Nor can we say that the officers' presence in the appellants' motel room can be justified under the authority to arrest without a warrant under exigent circumstances. Article 14.04, supra. The record is devoid of evidence that the appellants were about to escape so as to make it impractical for the officers to secure a warrant for their arrest.

The remaining question concerns the issue of consent. Consent to search is not at issue. At issue is the appellants' consent to the initial intrusion of the officers which placed the contraband in plain view.

■ Consent is not to be lightly inferred and must be free and voluntary in light of the totality of the circumstances; consent is vitiated if granted only in submission to a claim of lawful authority. *Kolb v. State*, 532 S.W.2d 87 (Tex.Cr.App. 1976). In the present case, police officers, at least three in number, during the early morning hours, knocked on the appellants' motel room door, identified themselves, and then, with a key furnished by the motel manager, opened the door and found that it was chained from the inside. It was only then that the appellant Mabry unlatched the chain from the door and told the officers to "Come on in." Under these facts, we conclude that the appellants were merely submitting to the officers' claim of lawful authority and did not voluntarily consent to their entry. As we stated in *Kolb v. State*, supra:

". . . An officer gaining access to a constitutionally protected area under the color of his office and of the law which he personifies must have some valid basis in law for the intrusion. . . . In the instant case there was no valid basis." *Ibid* at 91. We conclude that under the present circumstances the appellants' warrantless arrest was unlawful and that the heroin seized as a result thereof was improperly admitted into evidence.

The judgment is reversed and remanded.