**Bobby POWELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–199–CR.**

Court of Appeals of Texas,
Fort Worth.

July 21, 1982.

Leonard & Van Meter and Don Leonard, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

A jury found Bobby Powell guilty of voluntary manslaughter and assessed his punishment at confinement in the Texas Department of Corrections for a term of 20 years.

We affirm.

Appellant's first ground of error is that evidence of blood and a knife were improperly admitted into evidence due to the fact that these items were obtained through an illegal search and seizure.

After the decedent's body was found a police officer went to appellant's room and knocked on the door. He ascertained that appellant was in the room and asked appellant for permission to enter the room. According to the officer, he had to repeat the request whereupon appellant responded giving the officer permission to enter. The officer then gained entry by having the appellant's "landlord" open the door with a master key. Appellant was in his bed under a sheet. The complained of evidence was discovered when the officer lifted the sheet.

Appellant urges that the officer's initial intrusion, which placed the contraband in plain view, was unwarranted.

■ The burden is on the State to show, by clear and convincing evidence, that consent to intrude is freely and voluntarily given. This burden cannot be discharged by showing no more than acquiescence to be a claim of lawful authority. *Paprskar v. State*, 484 S.W.2d 731 (Tex.Cr.App.1972). A totality of the circumstances' approach was utilized in *Paprskar* as well as many other cases.

There is some question as to whether appellant actually gave a positive response to the officer's request to enter. No one, other than the officer, heard appellant give consent. The officer explained that the reason for this was that he was standing closest to the door. His testimony was obviously believed by the trial court.

■ We hold that the evidence supports the trial court's implied finding that consent was given. We further hold that under the totality of the circumstances, the consent was given freely and voluntarily. There is no evidence of impropriety being used as a means of obtaining the consent. This case is readily distinguishable from *Green v. State*, 594 S.W.2d 72 (Tex.Cr.App. 1980) wherein the court found acquiescence to a claim of lawful authority. In *Green*, three officers had partially opened a chain-locked door before obtaining consent.

Appellant asserts that the officer had no justification to search appellant by lifting the sheet after he had gained entry.

■ The officer had gone to appellant's room in connection with a homicide. He had reasonable grounds to believe appellant was armed. (Appellant had been seen in the area of the homicide. The decedent died from a stab wound.) Under the totality of the circumstances the officer had reasonable grounds to fear danger. We hold that he was justified in lifting the sheet. See: *Tores v. State*, 518 S.W.2d 378 (Tex. Cr.App.1975). We overrule the first ground of error.

Appellant's second ground of error is that the trial court erred in admitting into evidence a confession given by appellant.

A *Jackson v. Denno* hearing was conducted outside the presence of the jury. The State's witnesses who testified as to their role in regard to the confession acknowledged that appellant was intoxicated. However, there was testimony that appel-

lant appeared to fully understand the nature of his actions in voluntarily waiving his rights and giving the confession.

Appellant testified at the hearing that he was an alcoholic who had a history of "blacking out" after drinking quantities of liquor. His testimony was that he had no recall of having given a confession.

■ Of course, at a hearing on the voluntariness of a confession, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Vigneault v. State*, 600 S.W.2d 318 (Tex.Cr.App.1980). The trial court was obviously unpersuaded by appellant's testimony that he was "blacked out" at the time he allegedly gave the confession. Appellant's rendition of the facts in this regard may have been more weighty had it been substantiated by the testimony of an expert. Corroboration by those who had allegedly administered treatment upon appellant for alcoholism and "black outs" could have been significant.

■ The fact that appellant was intoxicated at the time he gave the confession was undisputed. However, it would appear that under a totality of the circumstances approach, intoxication would be relevant, but not determinative, *per se*, of the voluntariness of a confession. This was the stance taken in the cases of *United States v. Babb*, 448 F.Supp. 794 (D.C.G.D.S.C.1978) and *United States v. Grant*, 427 F.Supp. 45 (D.C.S.D.N.Y.1976). In one Texas case, *Vasquez v. State*, 163 Tex.Cr.R. 16, 288 S.W.2d 100 (1956), the same stance was taken but was stated in different terms. Therein it was said at page 109:

> "Again, though evidence to the effect that appellant was intoxicated at the time the confession was made would be relevant on the question of its admissibility, evidence to that effect would not alone and as a matter of law require that the confession be excluded. The extent to which he was deprived of his faculties due to intoxication would determine the question of his competency or incompetency."

One State's witness testified that appellant was intoxicated but he made sense. Another witness testified that although appellant's speech was slurred, his language was understandable. This witness in all candor could not tell how impaired appellant's faculties were, but expressed an opinion that appellant knew what he was doing.

■ We hold that the evidence supports the trial court's finding that, under the totality of the circumstances, appellant, though intoxicated, voluntarily gave a confession which was therefore admissible into evidence. We overrule the second ground of error.

The judgment of the trial court is affirmed.