Jerry W. HOWETH, Appellant,

v.

The STATE of Texas, Appellee.

No. 686–82.

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1983.

J.W. Howeth, Terrey Cobb, Austin, for appellant.

Margaret Moore, County Atty. and Edward Moore and Claire Dawson-Brown, Asst. County Attys., Austin, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

The prosecution herein was upon complaint filed in the Municipal Court of the City of Austin. The complaint charged the appellant with committing the offense of speeding in the 5500 block of Cameron Road, located within the city limits of Austin. After conviction in the Municipal Court, appellant perfected his appeal to the County Court at Law No. 2 of Travis County, where a trial de novo occurred. Judgment was rendered finding the appellant guilty of speeding. Punishment was assessed at a fine of $125. From this judgment appellant appealed to the Austin Court of Appeals, which affirmed the conviction. See *Howeth v. State*, 635 S.W.2d 636 (Tex.App.—Austin 1982). Motion for rehearing was overruled without written opinion. This Court granted the appellant's petition for discretionary review. We now find that error of a fundamental nature exists in this cause, which causes us to reverse the decision of the Court of Appeals.

Sufficiency of the evidence to support a conviction implicates the Fourteenth Amendment to the Constitution of the United States and the due course of law clause of the Texas Constitution. See Art. I, Sec. 19. E.g., *Acevedo v. State*, 633 S.W.2d 856 (Tex.Cr.App.1982). Therefore, we will, *ex mero motu* or *ex proprio motu* or *sua sponte,* decide the question whether the State proved that the appellant committed an offense against the municipality of Austin. We find it did not.

As noted, the prosecution in this instance was on a complaint filed pursuant to an ordinance of the City of Austin. The complaint in this cause alleges in pertinent part that the appellant "on or about the 15th day of Feb., 1981, ... within the incorporated limits of the City of Austin, in Travis County, Texas, did drive and operate a motor vehicle upon a public street therein situated, to-wit: 5500 Block Cameron Road at a speed which was greater than was reasonable and prudent under the circumstances then existing, to-wit: at a speed of 40 miles per hour, at which time and place the lawful maximum prima facie reasonable and prudent speed was thirty miles per hour, *contrary to Section 21–40 of the Code of the City of Austin, 1967, as amended ...*" [Emphasis Added].

We restrict the following remarks to the situation where the prosecution is initiated under a municipal ordinance and a conviction occurs in the municipal court, but the defendant appeals his conviction to a county court at law and receives in that court a trial de novo. The municipal court, of course, may take judicial notice of the ordinances of its municipality. However, if the conviction is appealed to a county court at law, and heard de novo, as here, it is incumbent upon the State to prove the ordinance or its terms. The county court at law in that instance cannot judicially notice the ordinance or its terms. Such must be proved by the prosecution. *Peach v. State,* 498 S.W.2d 192, 195 (Tex.Cr.App.1973). An ordinance is in the nature of a special act or law and "Courts do not take judicial cognizance of special acts or laws." *Wilson v. State,* 16 Tex.App. 497, 502 (1884). In *Green v. State,* 594 S.W.2d 72, 74 (Tex.Cr.App.1980), this Court recently stated the following: "The courts of this State cannot take judicial notice of the existence of city ordinances *or their terms,* and where they enter into a transaction and are relied on, proof of them is essential. *Cole v. State,* 556 S.W.2d 343 (Tex.Cr.App.1977); *Jones v. State,* [172 Tex.Cr.R. 100,] 354 S.W.2d 160." [Emphasis Added]. Also see *White v. State,* 82 Tex.Cr.R. 274, 198 S.W. 964 (1917); *Karchmer v. State,* 61 Tex.Cr.R. 221, 134 S.W. 700 (1911); *Spoon v. State,* 148 Tex.Cr.R. 44, 184 S.W.2d 627 (1945); *Jones v. State,* 172 Tex.Cr.R. 100, 354 S.W.2d 160 (1962).

In the cause at bar, the only evidence in the record concerning Austin municipal ordinance Section 21–40, or its terms, are the following statements of the attorneys:

> (Prosecuting Attorney, addressing the trial judge): . . . I would like to make mention of the fact that the defense has agreed to stipulate to the contents of Austin section city code—city of Austin code, *Section 2140.*
>
> (Defense Counsel): Yes, that's correct, Your Honor. We have agreed to stipulate to that. [Emphasis Added].

Although the attorneys "agreed to stipulate to the contents of Austin section city code—city of Austin code, Section 2140," the record of appeal is as bare as Mother Hubbard's cupboard concerning what the "contents" of the ordinance might be. The stipulation is totally incomplete to establish the alleged fact. And we make this holding even by overlooking the obvious conflict between the allegation of the complaint, regarding the specific allegation of Section 21–40, and the statement in the stipulation, regarding Section 2140.

■ Although stipulations are favored by courts and are to be reasonably and liberally construed with a view to effectuating the parties' intentions, see *O'Conner v. State,* 401 S.W.2d 237 (Tex.Cr.App.1966), nevertheless, the stipulation must be complete as to the object of the stipulation. As a general proposition, a stipulation is regarded as a contractual agreement between the parties. In this instance, it was incumbent upon the prosecution to prove its allegation, "contrary to Section 21–40 of the Code of the City of Austin, 1967, as amended." The attorneys in this cause agreed to stipulate "to the contents of . . . city of Austin code, Section 2140," but failed to state what the contents of the ordinance were. As previously noted, under the circumstances of this cause, neither the trial court, the court of appeals, nor this Court can judicially notice the ordinance or its terms.

■ By the record of appeal, as far as proof of the ordinance or its terms, the above stipulation is really no stipulation to the alleged fact of Section 21–40 of the Code of the City of Austin. Compare *Bolin v. State,* 475 S.W.2d 241, 242, fn. 1 (Tex.Cr. App.1972). Therefore, neither the ordinance nor the "contents" of the ordinance are before this Court for its consideration. The State has failed in its proof of a crucial element of the alleged offense.

The proof being insufficient to sustain the allegations of the complaint, the judgments of the Court of Appeals and the trial court are reversed. By virtue of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), see also *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, 80 A.L.R.2d (1960), the trial court is directed to enter a judgment of acquittal on appellant's behalf.

It is so ordered.

W.C. DAVIS and CAMPBELL, JJ., dissent.