**Larry Michael MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00744–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 1987.

Jim Heaney and Blaise J. Heaney, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III and John Boone, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a conviction for speeding.

We reverse and order acquittal.

Trial was held before a municipal court judge, and punishment was a fine of $55. Appellant gave notice of appeal to the County Criminal Court at Law. Trial was before the bench, appellant was found guilty, and was fined $101.

In points of error one and two, appellant contends that the trial court erred in denying his motion for directed verdict because the State failed to prove and introduce into evidence the Taylor Lake Village municipal traffic ordinance.

The record reveals that the appellant was charged by a complaint filed pursuant to an ordinance of Taylor Lake Village. The only evidence in the record regarding the ordinance is from Officer J.D. Stone. Officer Stone testified that there were signs posted in Taylor Lake, with a speed limit of 20 miles per hour.

The ordinance was not introduced into evidence, there was no agreement to stipulate to the contents of the municipal ordinance, nor was there a request that judicial notice be taken of the ordinance. *See* Tex. R.Crim.Evid. 204.

In *Howeth v. State*, 645 S.W.2d 787, 788 (Tex.Crim.App.1983), the defendant was charged with speeding and was convicted in municipal court under a municipal ordinance. He appealed and at the trial de novo, the State and defendant stipulated to the contents of the municipal ordinance; however, the contents were never stated into the record. The county court found him guilty and assessed punishment. On appeal, however, the Court of Criminal Appeals reversed and acquitted because the contents of the ordinance, although stipulated to, were not introduced into evidence.

Points of error one and two are sustained.

This cause having been decided upon points of error one and two, there is no necessity to rule upon the remaining point of error.

The conviction is reversed and acquittal ordered.

EVANS, C.J., dissents.

EVANS, Chief Justice, dissenting.

I agree with the holding of the majority that the judgment should be reversed, but I disagree that an order of acquittal should be entered.

The complaint alleges in pertinent part: Larry Michael Martin, defendant, did then and there drive and operate a motor vehicle, to-wit: Volvo, in and upon 4100 block Manorfield, a public street contrary to the ordinances of said city, and, within an urban district and the corporate limits of said city, at a speed which was greater than was then and there reasonable and prudent under the conditions then existing, having regard to the actual and potential hazards, to-wit: at a speed of 31 miles per hour; at which time and place *the maximum prima facie reasonable and prudent speed limit applicable was 20 miles per hour.* [Emphasis added.]

The State contends that this complaint charged violations of both the municipal ordinance *and* a violation of state law, Tex. Rev.Civ.Stat.Ann. art. 6701d, sec. 166(a)(1) (Vernon 1977), which provides, in pertinent part, that a speed in excess of "30 miles per hour in any urban district" shall be prima facie unlawful. Because there was evidence that the appellant exceeded the prima facie maximum limit while driving in an urban district, I agree with the State's analysis that there was evidence supporting the appellant's conviction under the allegations of the complaint. *See Abrams v. State*, 563 S.W.2d 610 (Tex.Crim.App.1978). I also agree with the State's analysis of *Howeth v. State*, 645 S.W.2d 787 (Tex.Crim. App.1983), relied upon by the majority. In that case, there was no contention that the defendant's speeding conviction could be sustained under state law, and therefore, it is not controlling here.

However, I would grant the appellant's third point of error, complaining of the trial

court's action in overruling his motion to quash. The appellant's motion to quash asserts that the complaint is vague because it alleges that the appellant, while driving in an urban area, violated the speed law, art. 6701d, sec. 166(a), by traveling 31 in a 20 mile per hour zone, but does not describe the authority on which the prima facie speed limit had been altered. In my opinion, this was sufficient to call to the trial court's attention the fact that the complaint charged offenses under both the municipal ordinance and the state law, and that the charge was vague and misleading because it alleged a prima facie speed limit of 20 miles per hour. In my opinion, the trial court erred in overruling the motion to quash, and I would reverse the conviction and remand the cause for a new trial.