IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-552-CR





JOANNA NELSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 357,999, HONORABLE DAVID E. PURYEAR, JUDGE PRESIDING



 




 This appeal is taken from a conviction for driving a motor vehicle while
intoxicated, first offense. After the trial court overruled her motion to suppress evidence,
appellant waived trial by jury and entered a plea of nolo contendere to the information before the
trial court. Appellant was found guilty and her punishment was assessed by the trial court at one
hundred days in the county jail and a fine of one thousand dollars. The imposition of the sentence
was suspended. Appellant was placed on probation for two years subject to certain probationary
conditions. Notice of appeal was given. See Tex. R. App. P. 40(b)(1); Lemmons v. State, 818
S.W.2d 58 (Tex. Crim. App. 1991).

 Appellant urges that the trial court erred in overruling her pretrial motion to
suppress evidence. Appellant advances three points of error in connection therewith. In two
points of error, appellant contends that the trial court erred because the improper investigative
stop, invalid detention and seizure tainted her arrest and violated her rights under the Fourth and
Fourteenth Amendments of the United States Constitution as well as Article I, section 9 of the
Texas Constitution. Appellant adequately divided the federal and state constitutional issues as
required by Heitman v. State, 815 S.W.2d 681, 690-91 n.23 (Tex. Crim. App. 1991), and
McCambridge v. State, 712 S.W.2d 499, 501-02 n.9 (Tex. Crim. App. 1986). In a third point
of error, appellant challenges the constitutionality of a city ordinance that she claims the State
relied upon to justify the "stop."

 When a defendant seeks to suppress evidence on the basis of a Fourth Amendment
or Article I, section 9 violation 50, he assumes the initial burden of proof. Russell v. State, 717
S.W.2d 7, 9 (Tex. Crim. App. 1986). The term "burden of proof" is used to refer to two
different concepts: the burden of production and the burden of persuasion. With regard to
evidence suppression, the defendant's initial burden is better categorized as that of production. 
A defendant meets his initial burden of proof by establishing that a search or seizure occurred
without a warrant. Id. at 9. Once the defendant meets this burden of production, the burden of
proof shifts to the State. If the State produces evidence of a warrant, the burden of proof shifts
back to the defendant to demonstrate the invalidity of the warrant. Id. at 10. If, however, the
State is unable to produce evidence of a warrant, it has the burden of persuasion and must prove
the reasonableness of the warrantless search or seizure. Id. at 10. These distinctions as to burden
of proof are not always maintained by the parties or the trial court in hearings on motions to
suppress evidence. Cf. Id. at 9 n.5.

 In the instant case, appellant met her initial burden of production by showing, at
the suppression hearing, that her detention, seizure, and arrest were without a warrant. Standing
was not contested. Without evidence of a warrant, it was the State's burden to prove the
reasonableness of the detention and seizure.

 The suppression hearing revealed that Deputy Sheriff Daniel J. Ruggles of the
Travis County Sheriff's office was on patrol in the northern part of the county in the early
morning hours of February 5, 1990. About 1:15 a.m., Ruggles stopped appellant's motor vehicle
as she drove through Walnut Creek Park on Willow Wild Drive. After approaching the stopped
vehicle, Deputy Ruggles detected an odor of alcohol and determined that appellant was
intoxicated. He arrested her for driving while intoxicated.

 Deputy Ruggles testified that "Travis County had dispatched me to an explosion
in that area, no location. Just that there was a loud explosion. I'd been patrolling the whole area
and went through the park." Ruggles did not know when the explosion had occurred, (1) and it is
not clear at what time he received the dispatch. (2)

 After Ruggles had driven through the park and stopped, he observed appellant's
vehicle driving through the park. He stated: "I was looking for anything that asked questions or
. . . about the explosion and the park had been closed and I kind of wanted to know why she was
in there. I think she drove past me and then I stopped to ask her." There was no showing that
Deputy Ruggles had received any information about appellant or her vehicle. He had not
observed a violation of the law. Ruggles admitted that the stop was not for a traffic offense.

 The deputy was not aware of any gates that excluded the public from the park and
he acknowledged that Willow Wild was a public street. He did not know of any signs notifying
the public of a park curfew after 10 p.m., but he believed there was one. He had read somewhere
or was aware that "most city parks" closed at 10 p.m. each night. The county officer was unable
to cite any ordinance or its terms, and if there was an ordinance, he did not know whether it was
a city or county ordinance. When shown defense exhibits (photographs), Deputy Ruggles agreed
that the park in question was the Walnut Creek Metropolitan Park, and that the park's signs
located at the entrances reflected no notice of any curfew. Ruggles testified that he mainly
stopped appellant's vehicle because (1) he was investigating a reported explosion in the general
area, and (2) the park, by ordinance, had been closed since 10 p.m. that night.

 Appellant introduced exhibits (photographs) indicating open roads leading into the
parks with signs that did not reflect curfew. Appellant testified at the suppression hearing that she
had driven through the park on a number of occasions and knew of no curfew and; that on the
occasion in question she was taking a "short-cut" to her home.

 No ordinance was introduced and judicial notice was not taken of any ordinance
or its terms providing a curfew in the Walnut Creek Park. At one point, the State told the trial
court that an ordinance did not have to be produced in a pretrial hearing. Before the adoption of
the Texas Rules of Criminal Evidence, it was incumbent upon the State to prove a city ordinance
on which it relied. Courts could not take judicial notice of the existence of city ordinances or
their terms. Howeth v. State, 645 S.W.2d 787, 788 (Tex. Crim. App. 1983); Green v. State, 594
S.W.2d 72, 74 (Tex. Crim. App. 1980); Cole v. State, 556 S.W.2d 343, 345 (Tex. Crim. App.
1977). (3) Rule 204 of the Texas Rules of Criminal Evidence now provides:


 Judicial notice may be taken of the ordinances of municipalities and counties of
Texas, of the contents of the Texas Register, and of the codified rules of the
agencies published in the Administrative Code. Any party requesting that judicial
notice be taken of such matter shall furnish the court sufficient information to
enable it properly to comply with the request. A party is entitled upon timely
request to an opportunity to be heard as to the propriety of taking judicial notice
and the tenor of the matter noticed. In the absence of prior notification, the request
may be made after judicial notice has been taken. The court's determination shall
be subject to review as a ruling on a question of law.



Tex. R. Crim. Evid. 204.

 The second sentence of Rule 204 sets forth the responsibilities of a party who
requests a court to take judicial notice of an ordinance. Cf. Hollingsworth v. King, 810 S.W.2d
772, 774 (Tex. App.--Amarillo), writ denied, 816 S.W.2d 340 (Tex. 1991). The State did not
assume the responsibilities under Rule 204. There was no judicial notice taken of any ordinance
or its terms. The State did not sustain its burden of proof as to the reasonableness of the seizure
in question based upon the existence of an ordinance, if any, establishing a curfew in the Walnut
Creek Park.

 Did the State sustain its burden on some other basis?

 A police officer may briefly stop a suspicious individual in order to determine his
identity or to maintain the status quo momentarily while obtaining more information. Gearing
v. State, 685 S.W.2d 326, 327-28 (Tex. Crim. App. 1985); Armstrong v. State, 550 S.W.2d 25,
30 (Tex. Crim. App. 1977) (op. on reh'g). Such action may be most reasonable in light of the
facts known to the officer at the time. Adams v. Williams, 407 U.S. 143, 146 (1972); Livingston
v. State, 739 S.W.2d 311, 326 (Tex. Crim. App. 1981), cert. denied, 487 U.S. 1210 (1988);
Dickey v. State, 716 S.W.2d 499, 503-04 n.4 (Tex. Crim. App. 1986). (4) An occupant of an
automobile is just as subject to a brief detention as is a pedestrian. Gearing, 685 S.W.2d at 328;
Townsend v. State, 813 S.W.2d 181, 195 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd).

 In the absence of a warrant, circumstances short of probable cause for an arrest
may justify temporary detention to investigate because an investigation is considered to be a lesser
intrusion upon the personal security of the individual. Johnson v. State, 658 S.W.2d 633, 626
(Tex. Crim. App. 1983). To justify an investigative detention, the officer must have specific
articulable facts which, in the light of his experience and personal knowledge, together with other
inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen
detained for further investigation. Id.; Brem v. State, 571 S.W.2d 314, 318 (Tex. Crim. App.
1978). Detention based on a hunch or mere suspicion is illegal. Glass v. State, 681 S.W.2d 609,
612 (Tex. Crim. App. 1981). The articulable facts used by the officer must create some
reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some
suggestion to connect the detainee with the unusual activity, and some indication the unusual
activity is related to crime. Viveros v. State, 818 S.W.2d 2, 4 (Tex. Crim. App. 1992); Garza
v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989); Meeks v. State, 653 S.W.2d 6, 12 (Tex.
Crim. App. 1983). (5) Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. Johnson, 658 S.W.2d at 628. 
The totality of the circumstances surrounding the incident are looked to in determining whether
the police conduct was reasonable. Armstrong, 550 S.W.2d at 30.

 The Fourth and Fourteenth Amendments are implicated in this case because
stopping an automobile and detaining its occupants is a seizure within the meaning of those
amendments, even though the purpose of the stop is limited and the resulting detention quite brief. 
See Delaware v. Prouse, 440 U.S. 648, 654 (1979); see also Colorado v. Bannister, 449 U.S. 1,
4 n.31 (1980); Garza, 771 S.W.2d at 558. Where the officer by means of physical force or show
of authority has in some way restrained the liberty of a citizen, the inference that a "seizure" has
occurred is justified. Terry, 392 U.S. at 20 n.16.

 Deputy Ruggles made the stop in question without having observed any violation
of the law or anything suspicious apart from the alleged park curfew. The deputy had received
a dispatch concerning an explosion in the general area. No location was given and no report of
criminal activity was tied to the explosion. (6) Before the stop, Ruggles had driven through the park
without discovering any evidence of an explosion. He had received no previous information about
appellant or her vehicle. There were insufficient specific articulable facts to have justified the
stop. (7) The warrantless seizure was without reasonable suspicion. The State did not sustain its
burden of proving the reasonableness of the seizure at the suppression hearing. See Russell, 717
S.W.2d at 10. The evidence secured by virtue of the illegal seizure was inadmissible under the
Fourth and Fourteenth Amendments. We conclude that the trial court erred in denying the motion
to suppress evidence. Appellant's first point of error is sustained.

 In view of our disposition of the first point of error, we do not reach appellant's
second and third points of error.

 The judgment is reversed and the cause is remanded.



 John F. Onion, Jr., Justice

[Before Justices Powers, Kidd and Onion*]

Reversed and Remanded

Filed: February 17, 1993

[Do Not Publish]






























* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Ruggles did not testify that the dispatch reported any criminal activity was afoot.
2. Deputy Ruggles testified that the only information he received about the explosion was the
dispatch and that he "never found what it was or anything."
3.   An exception existed where the prosecution in a municipal court was based upon a city
ordinance. Howeth, 645 S.W.2d at 788.
4.   The Fourth Amendment does not prevent a police officer, in appropriate circumstances,
from stopping and detaining an individual "to investigate suspected criminal behavior even though
there is not probable cause to make an arrest." Hernandez v. State, 523 S.W.2d 410, 411 (Tex.
Crim. App. 1975) (citing Terry v. Ohio, 392 U.S. 1 (1986)).
5.   "Reasonable suspicion is a lesser quantum of proof than the probable cause required for a
full blown arrest and search. Even a brief investigation stop, however, must be based on specific,
articulable facts . . . ." Daniels v. State, 718 S.W.2d 702, 704-05 (Tex. Crim. App. 1986).
6.   In a case where, as here, a police radio broadcast is relied upon as the basis for the
detention, the focus is usually on the information known to the dispatcher of the broadcast. 
Amores v. State, 816 S.W.2d 407, 413 n.10 (Tex. Crim. App. 1991). The dispatcher did not
testify. The source of the dispatcher's information was not revealed. Only the arresting officer's
testimony is available for consideration as the basis for the detention.
7.   The uncontroverted evidence shows that appellant was driving her automobile and moving
under her own locomotion. She had violated no traffic offense. Appellant was not experiencing
motor difficulties. There is no basis for any claim that Deputy Ruggles had stopped to aid a
damsel in distress.