COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-474-CR
THE STATE OF TEXAS   
                                                                     
STATE
V.
MARK ANDREW MARINO   
                                                                APPELLEE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
The State appeals from the trial court's
order granting a motion to suppress filed by appellee Mark Andrew Marino. In
three issues, the State contends that the trial court erred by failing to
address the State's standing and consent arguments and in finding that the
canine sniff was unreasonable. We will affirm.
At a suppression hearing, the trial judge
is the sole and exclusive trier of fact and judge of the credibility of the
witnesses and their testimony. Allridge v. State, 850 S.W.2d 471, 492
(Tex. Crim. App. 1991), cert. denied, 510 U.S. 831 (1993). The
appropriate standard for reviewing a trial court's ruling on a motion to
suppress is a bifurcated standard of review, giving almost total deference to a
trial court's determination of historical facts and reviewing de novo the
court's application of the law. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000). In this case, the trial court did not make explicit
findings of fact regarding the issues of standing and consent, so we will,
therefore, review the evidence in a light most favorable to the trial court's
ruling. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App.), cert.
denied, 123 S. Ct. 603 (2002).
In issue one, the State contends that the
trial court erred in suppressing the evidence because appellee lacked standing
to consent to the search. The State argues that appellee lacked standing because
the vehicle belonged to someone else. However, if the defendant can show he
lawfully gained possession of the vehicle from the owner or one authorized to
give permission to drive it, then the defendant has standing to challenge the
search. Rovnak v. State, 990 S.W.2d 863, 867 (Tex. App.--Texarkana
1999, pet. ref'd). Officer Sheffield testified that appellee told him the
vehicle belonged to his father. This testimony supports a finding that appellee
gained possession of the truck from the owner. There is no contrary evidence in
the record to suggest that appellee had stolen the truck or that the vehicle was
not registered to his father. Therefore, we conclude that appellee has standing
to challenge the search of the truck. State v. Crisp, 74 S.W.3d 474,
480-81 (Tex. App.--Waco 2002, no pet.) (holding that witness's testimony that
she had to "get [her] mom's car" was sufficient to show that she
gained possession of the borrowed car from the owner; therefore, she had
standing to contest the search). We overrule issue one.
In its second issue, the State argues that
the trial court erred in suppressing the evidence because appellee consented to
the canine sweep. Appellee contends that consent is not an issue in this case
because a canine sweep is not a search within the meaning of the Fourth
Amendment. Alternatively, he agues that if consent were an issue in this case,
appellee did not consent to the continued detention which resulted in the canine
sweep of his vehicle; he merely acquiesced to the officer's claim of lawful
authority.
Although a canine sweep is generally not
considered a search and does not require consent, an officer is required to
establish reasonable suspicion to prolong a traffic stop to perform a canine
sweep for drugs. McQuarters v. State, 58 S.W.3d 250, 257 (Tex.
App.--Fort Worth 2001, pet. ref'd). The continued detention and request to
search a detainee's car following a traffic stop is reasonable when consent is
given, even though no circumstances are noted that would constitute reasonable
suspicion of any criminal activity. Ohio v. Robinette, 519 U.S. 33, 38,
117 S. Ct. 417, 420-21 (1996); Spight v. State, 76 S.W.3d 761, 768
(Tex. App.--Houston [1st Dist.] 2002, no pet.); Leach v. State,
35 S.W.3d 232, 236 (Tex. App.--Austin 2000, no pet.); Simpson v. State,
29 S.W.3d 324, 328 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd).
However, in order to be valid, the State must show by clear and convincing
evidence that the consent was not "coerced, by explicit or implicit means,
by implied threat or covert force." Carmouche, 10 S.W.3d at 331.
Consent is not established by "showing no more than acquiescence to a claim
of lawful authority." Id.
In this case, as Officer Sheffield handed
appellee the traffic warning and citation, he told appellee that he was the
canine officer for the City of Lake Worth and that he would be walking his dog
around the vehicle. Officer Sheffield then asked him to start the truck; turn
the fan on high; roll up the windows; and stay in the vehicle. Appellee
responded "okay." By stating his intentions and instructing appellee
on how to cooperate rather than requesting permission to prolong the detention
for the canine sweep, Officer Sheffield indicated to appellee that he had the
authority to conduct the canine sweep without appellee's consent. See Green
v. State, 594 S.W.2d 72, 74 (Tex. Crim. App. [Panel Op.] 1980) (holding
that appellant's consent given after officers used key to unlock door and then
realized it had been chained from the inside was merely in submission to
officer's claim of lawful authority); Doescher v. State, 578 S.W.2d
385, 389 (Tex. Crim. App. [Panel Op.] 1978) (holding that a search cannot be
justified as lawful on the basis of consent where consent has been given only
after the official conducting the search asserts that he has a warrant).
Therefore, the trial court could have determined that appellee merely acquiesced
to Officer Sheffield's claim of lawful authority to prolong the detention and
conduct the canine sweep. The State's second issue is overruled.
In its third issue, the State argues that
the trial court erred in holding that the canine sniff of appellee's vehicle was
unreasonable given the totality of the circumstances. Law enforcement officers
may stop and briefly detain persons suspected of criminal activity if the
circumstances upon which the officers rely objectively support a reasonable
suspicion that the person detained actually is, has been, or soon will be
engaged in criminal activity. Davis v. State, 947 S.W.2d 240, 244 (Tex.
Crim. App. 1997). Once an officer concludes the investigation of the conduct
that initiated the stop, continued detention of a person is permitted only if
there is reasonable suspicion to believe another offense has been or is being
committed. Id. at 245. Therefore, to prolong a traffic stop for a
canine sweep for drugs, police must have a reasonable suspicion that drugs are
present. McQuarters, 58 S.W.3d at 257. "The reasonable suspicion
determination is made by considering the totality of the circumstances." Garcia
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).
Before the dog sniff occurred, Officer
Sheffield had issued a traffic citation and a warning to appellee, thus
concluding the purpose of the initial stop. According to Officer Sheffield,
reasonable suspicion for the continued detention was based upon appellee's
broken voice, shaky hands, and furtive movements. However, on cross-examination,
Officer Sheffield admitted that he had failed to document the furtive movements
in the police report he prepared on the night of the stop. Officer Sheffield
also testified that he was trained to include all important facts in his report.
After hearing Officer Sheffield's
testimony and reviewing the videotape, the trial court found that appellee made
no furtive gestures during the time Officer Sheffield was observing him.
Furthermore, nervousness is a weak indicator of hidden narcotics because people
are routinely nervous when stopped by the police. McQuarters, 58 S.W.3d
at 257. Therefore, we cannot say that the trial court abused its discretion in
concluding that Officer Sheffield lacked a reasonable suspicion that appellee
possessed narcotics. We overrule the State's third issue.
Having overruled the State's three issues,
we affirm the trial court's judgment.
 
  
                                                                    JOHN
CAYCE
  
                                                                    CHIEF
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
[Delivered March 6, 2003]

1. See Tex. R. App. P. 47.4.