State v. Marino

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-474-CR

THE STATE OF TEXAS STATE

V.

MARK ANDREW MARINO APPELLEE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The State appeals from the trial court’s order granting a motion to suppress filed by appellee Mark Andrew Marino.  In three issues, the State contends that the trial court erred by failing to address the State’s standing and consent arguments and in finding that the canine sniff was unreasonable.  We will affirm.

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and their testimony.  
Allridge v. State
, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), 
cert. denied
, 510 U.S. 831 (1993).  The appropriate standard for reviewing a trial court’s ruling on a motion to suppress is a bifurcated standard of review, giving almost total deference to a trial court’s determination of historical facts and reviewing de novo the court’s application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  In this case, the trial court did not make explicit findings of fact regarding the issues of standing and consent, so we will, therefore, review the evidence in a light most favorable to the trial court’s ruling.  
Maxwell v. State
, 73 S.W.3d 278, 281 (Tex. Crim. App.), 
cert. denied
, 123 S. Ct. 603 (2002).

In issue one, the State contends that the trial court erred in suppressing the evidence because appellee lacked standing to consent to the search.  The State argues that appellee lacked standing because the vehicle belonged to someone else.  However, if the defendant can show he lawfully gained possession of the vehicle from the owner or one authorized to give permission to drive it, then the defendant has standing to challenge the search.  
Rovnak v. State
, 990 S.W.2d 863, 867 (Tex. App.—Texarkana 1999, pet. ref’d).  Officer Sheffield testified that appellee told him the vehicle belonged to his father.  This testimony supports a finding that appellee gained possession of the truck from the owner.  There is no contrary evidence in the record to suggest that appellee had stolen the truck or that the vehicle was not registered to his father.  Therefore, we conclude that appellee has standing to challenge the search of the truck.  
State v. Crisp
, 74 S.W.3d 474, 480-81 (Tex. App.—Waco 2002, no pet.) (holding that witness’s testimony that she had to “get [her] mom’s car” was sufficient to show that she gained possession of the borrowed car from the owner; therefore, she had standing to contest the search).  We overrule issue one.  

In its second issue, the State argues that the trial court erred in suppressing the evidence because appellee consented to the canine sweep.  Appellee contends that consent is not an issue in this case because a canine sweep is not a search within the meaning of the Fourth Amendment.  Alternatively, he agues that if consent were an issue in this case, appellee did not consent to the continued detention which resulted in the canine sweep of  his vehicle; he merely acquiesced to the officer’s claim of lawful authority.  

Although a canine sweep is generally not considered a search and does not require consent, an officer is required to establish reasonable suspicion to prolong a traffic stop to perform a canine sweep for drugs.  
McQuarters v. State
, 58 S.W.3d 250, 257 (Tex. App.—Fort Worth 2001, pet. ref’d).  The continued detention and request to search a detainee’s car following a traffic stop is reasonable when consent is given, even though no circumstances are noted that would constitute reasonable suspicion of any criminal activity. 
 Ohio v. Robinette
, 519 U.S. 33, 38, 117 S. Ct. 417, 420-21 (1996); 
Spight v. State
, 76 S.W.3d 761, 768 (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.);
 Leach v. State
, 35 S.W.3d 232, 236 (Tex. App.—Austin 2000, no pet.); 
Simpson v. State
, 29 S.W.3d 324, 328 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d).  However, in order to be valid, the State must show by clear and convincing evidence that the consent was not “coerced, by explicit or implicit means, by implied threat or covert force.”  
Carmouche
, 10 S.W.3d at 331.  Consent is not established by “showing no more than acquiescence to a claim of lawful authority.”  
Id.
 

In this case, as Officer Sheffield handed appellee the traffic warning and citation, he told appellee that he was the canine officer for the City of Lake Worth and that he would be walking his dog around the vehicle.  Officer Sheffield then asked him to start the truck; turn the fan on high; roll up the windows; and stay in the vehicle.  Appellee responded “okay.”  By stating his intentions and instructing appellee on how to cooperate rather than requesting permission to prolong the detention for the canine sweep, Officer Sheffield indicated to appellee that he had the authority to conduct the canine sweep without appellee’s consent.  
See
 
Green v. State
, 594 S.W.2d 72, 74
 (Tex. Crim. App. [Panel Op.] 1980) (holding that appellant’s consent given after officers used key to unlock door and then realized it had been chained from the inside was merely in submission to officer’s claim of lawful authority); 
Doescher v. State
, 578 S.W.2d 385, 389 (Tex. Crim. App. [Panel Op.] 1978) (holding that a search cannot be justified as lawful on the basis of consent where consent has been given only after the official conducting the search asserts that he has a warrant).  Therefore, the trial court could have determined that appellee merely acquiesced to Officer Sheffield’s claim of lawful authority to prolong the detention and conduct the canine sweep.  The State’s second issue is overruled.

In its third issue, the State argues that the trial court erred in holding that the canine sniff of appellee’s vehicle was unreasonable given the totality of the circumstances.  Law enforcement officers may stop and briefly detain persons suspected of criminal activity if the circumstances upon which the officers rely objectively support a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity.  
Davis v. State
, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).  Once an officer concludes the investigation of the conduct that initiated the stop, continued detention of a person is permitted only if there is reasonable suspicion to believe another offense has been or is being committed.  
Id. 
at 245.  Therefore, to prolong a traffic stop for a canine sweep for drugs, police must have a reasonable suspicion that drugs are present.  
McQuarters
, 58 S.W.3d at 257.  “The reasonable suspicion determination is made by considering the totality of the circumstances.”  
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). 

Before the dog sniff occurred, Officer Sheffield had issued a traffic citation and a warning to appellee, thus concluding the purpose of the initial stop.  According to Officer Sheffield, reasonable suspicion for the continued detention was based upon appellee’s broken voice, shaky hands, and furtive movements.  However, on cross-examination, Officer Sheffield admitted that he had failed to document the furtive movements in the police report he prepared on the night of the stop.  Officer Sheffield also testified that he was trained to include all important facts in his report. 

After hearing Officer Sheffield’s testimony and reviewing the videotape, the trial court found that appellee made no furtive gestures during the time Officer Sheffield was observing him.  Furthermore, nervousness is a weak indicator of hidden narcotics because people are routinely nervous when stopped by the police.  
McQuarters
, 58 S.W.3d at 257.  Therefore, we cannot say that the trial court abused its discretion in concluding that Officer Sheffield lacked a reasonable suspicion that appellee possessed narcotics.  We overrule the State’s third issue. 

Having overruled the State’s three issues, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.