United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50239
_____

In Re:  Dennis Wayne Bagwell,

Movant,

---

On Motion for Authorization to File
Successive Petition for Writ of Habeas
Corpus in the United States District Court
Before the Western District of Texas

---

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Bagwell, who is scheduled for execution on February 17, 2005, filed this Motion for Authorization to File Successive Petition for Writ of Habeas Corpus and Stay of Execution.  We DENY the motion and DENY the stay request.

In brief summary, Bagwell was convicted of capital murder for the murders of Leona McBee, Libby Best, Reba Best, and Tassy Boone.  He was sentenced to death in 1996.  On appeal, the Texas Court of Criminal Appeals ("TCCA") affirmed both his conviction and sentence.  Bagwell filed a state application for writ of habeas corpus in Texas trial court, which conducted an evidentiary hearing.  Adopting the state court's findings, the TCCA denied Bagwell's habeas petition.  Bagwell then filed a writ of habeas corpus in the United States District Court for the Western District

of Texas, San Antonio Division, which, without a hearing, denied Bagwell habeas relief and a certificate of appealability ("COA").

Bagwell, subsequently, sought a COA from this Court, arguing, inter alia, denial of his Sixth Amendment right to effective assistance of counsel and denial of his Fifth Amendment right to testify on his own behalf.  We denied Bagwell's COA requests on both issues, finding, in relevant part, that his Fifth Amendment claim was procedurally defaulted for failure to exhaust state remedies without cause.  Bagwell v. Dretke, 372 F.3d 748 (5th Cir.), cert. den., Bagwell v. Dretke, 125 S.Ct. 498, 160 L.Ed.2d 374, 73 USLW 3297 (2004).

Bagwell filed a successor application for writ of habeas corpus in Texas state court on February 15, 2005, which denied him relief on February 16, 2005 finding that Bagwell failed to meet the requirements for a subsequent application under Tex. Code Crim. Proc. art. 11.071, § 5(a)(1).

The instant motions, for successive habeas and stay of execution, came to this Court on February 16, 2005, the day before Bagwell's scheduled execution.  Bagwell seeks permission to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2), averring this Court's jurisdiction under 28 U.S.C. §§ 2244 and 2254 and Rule 60(b)(5) of the Federal Rules of Civil Procedure.[1]

---

[1]     This court lacks authority to enforce Rule 60(b) in the first instance.

2

In relevant part, § 2244(b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found Mr. Bagwell guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(i), (ii).

Bagwell argues that he was denied his right to testify on his own behalf in violation of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. Bagwell maintains that his counsel coerced him into not testifying, despite his pleas to the contrary. Bagwell finds error not only by defense counsel, but also by the trial court for not specifically inquiring whether he waived his Sixth Amendment right to testify;[2] by his state habeas counsel for not raising this claim in his state habeas writ; and by the state habeas court for not passing on the claim in its written findings of fact and conclusions of law, even though

---

[2] We presume from the State's Brief, p. 10, that Bagwell did not expressly raise this error by the trial court in Bagwell I. If correct, this claim is time-barred pursuant to 28 U.S.C. § 2244(d), which prescribes a one-year statute of limitations for raising new claims in habeas, and we find no basis for tolling. See Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000) (noting that the statutory time bar should be tolled only in "rare and exceptional circumstances").

3

Bagwell, testifying at his own evidentiary hearing, made statements regarding counsel's denial of his right to testify.[3]

We were presented with nearly identical arguments in Bagwell I, wherein we found Bagwell's claim procedurally defaulted for failure to exhaust state remedies without cause. Bagwell I, 372 F.3d at 755-57. Finding the district court's procedural default determination not debatable, we did not reach the merits of Bagwell's right-to-testify claim for want of jurisdiction. Bagwell I, 372 F.3d at 757. Presently, Bagwell characterizes his Fifth Amendment claim as an "unassigned error" reviewable under state law upon remand to develop post-conviction claims. Bagwell contends that the otherwise applicable procedural bar exacted by § 11.071 should be excused from the Court's calculus as conflicting with his procedural and substantive due process rights. Bagwell further maintains that because we did not reach the merits of his Fifth Amendment claim in Bagwell I, we should not consider the instant petition "successive." For reasons stated herein, we reject these arguments.

First, as we noted in Bagwell I, the unassigned error argument upon which Bagwell's § 11.071 contention rests, and the cases cited in furtherance thereof,[4] are inapplicable because those

---

[3]    We have previously deemed Bagwell's assertion that he was acting "pro se" on this claim as of the state evidentiary hearing  meritless. Bagwell I, 372 F.3d at 756, n.6.

[4]    See Wright v. State, 981 S.W.2d 197, 199 n.2 (Tex. Cr. App. 1998) (recognizing discretionary authority to address an unassigned error); Carter v. State, 656 S.W.2d 468, 469 (Tex.Cr.App. 1983) (same); Howeth v. State, 645 S.W.2d

4

cases involved instances where the petitioners explicitly raised the claims before the TCCA, which remanded said cases for, inter alia, further factual development of claims instead of disposing of them on the merits. In contrast, here, the TCCA ruled on the merits of Bagwell's case, triggering the § 11.071 bar, and Bagwell, concededly, failed to raise this Fifth Amendment claim, in any fashion, in his original state post-conviction habeas petition. Although Bagwell argues that this error should not be determinative because the Texas Code of Criminal Procedure and the TCCA have not established pleading requirements for post-conviction habeas petitions, Bagwell does not go so far as to plead ignorance of state and federal habeas requirements as regards procedural bars triggered by a petitioner's utter failure to raise a claim before the state trial court. In any event, this argument does not circumvent the TCCA and federal court determinations of procedural default. Absent cause, the courts' prior dismissal on this basis constitutes an adequate and independent state ground that strips this Court of jurisdiction to resolve Bagwell's Fifth Amendment claim on federal habeas review. Kunkle v. Dretke, 352 F.3d 980, 989 (5th Cir. 2003); Coleman v. Thompson, 501 U.S. 722, 729 (1991). See also Bagwell, supra, (discussing Bagwell's failure to establish cause).

---

787, 788 (Tex.Cr.App. 1983) (same); Ex parte Mowbray, 943 S.W.2d 461, 467 (Tex.Cr.App. 1996) (same); Ex parte Halliburton, 755 S.W.2d 131, 137 (Tex.Cr.App. 1988)(same); Ex Parte Alanniz, 583 S.W.2d 380, 381 (Tex. Cr. App. 1979)(remanding for further factual development of claim).

Second, Bagwell's § 2244(b) argument also fails. Bagwell contends that the instant habeas petition should not be treated as "successive" because, citing Rose v. Lundy, 455 U.S. 509 (1982), his Fifth Amendment claim in Bagwell I was part of a "mixed" habeas petition. So contending, he charges the district court and this Court with error for failing to dismiss his "mixed" petition pursuant to Lundy. However, contrary to Bagwell's argument, neither the district court nor this Court was obligated to dismiss his petition as "mixed." We addressed a similar argument on habeas in Crone v. Cockrell, wherein we held that the petitioner's failure to raise a claim of which he had knowledge in his initial habeas application renders, under the abuse-of-the-writ doctrine, a successor application "successive" within the meaning of § 2244(b). 324 F.3d 833, 838 (5th Cir. 2003). With respect to Crone's claim under Lundy, we held that "that mixed petitions, meaning those containing both exhausted and unexhausted claims, should be dismissed without prejudice would have little meaning if it could be avoided by withholding unexhausted claims." Id. at 837-38 (internal citation and marks omitted). That rationale applies with full force to the instant case where Bagwell had knowledge of the claim before filing his first application and the TCCA dismissed the claim as an abuse-of-the-writ. Thus, we find that Bagwell's petition is also "successive" within the meaning of § 2244(b).

6

Treating Bagwell's petition as successive, we dismiss his petition because the factual predicate for his Fifth Amendment claim could have been discovered though the exercise of due diligence, and the facts underling the claim, viewed through the lens of § 2244(b)(ii), would be insufficient to establish Bagwell's actual innocence by clear and convincing evidence. 28 U.S.C. § 2244(b)(2)(i), (ii). Bagwell's asserted Due Process claim (<u>i.e.</u>, the state courts' failure to address "unassigned error") is inextricably tied to our determination with regard to his Fifth Amendment claim. Both the Fifth Amendment claim and the new Due Process claim were available to him prior to the time that he filed his initial federal petition.

Moreover, Bagwell has failed to make the requisite prima facie showing of actual innocence. First, Bagwell does not contend that his testimony would have gone to innocence. Rather, as we discern from his petition, his intended testimony would have gone to his state of mind before and after the murders, <u>e.g.</u>, how distraught he had been at his mother passing and a possible link between his distress and his murderous rampage. Bagwell cedes that his counsel advised him against taking the stand for fear that his extensive criminal record would come to light before the jury. Already before the jury was the testimony of Bagwell's girlfriend, Victoria Wolford, that she was with Bagwell when he committed the murders, and that she helped the police locate incriminating evidence that Bagwell had discarded along his getaway route. Also

7

in evidence was the testimony of the police officers who worked the case, and that of scientific experts who linked significant pieces of physical evidence from the murders to Bagwell. The evidence at trial against Bagwell was by no means weak, and Bagwell does not contend that any testimony that he could have given would have been, by clear and convincing evidence, sufficient to prove his actual innocence.

For the aforementioned reasons, we DENY Bagwell's Motion for Authorization to File Successive Petition for Writ of Habeas Corpus and DENY his Motion for Stay of Execution.