**Harold BROWN, Petitioner-Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 87–1529.

United States Court of Appeals, Fifth Circuit.

May 2, 1988.

Williams, Pattillo & Squires, Waco, Tex., for petitioner-appellant.

Margaret P. Griffey, Austin, Tex., for respondent-appellee.

Before GARZA, REAVLEY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Habeas petitioner, Harold Brown, appeals the district court's denial of habeas relief on his claim that he was denied a fundamentally fair trial when the judge presiding in his trial testified as a witness for the state. We agree with the petitioner and reverse.

### I.

In February 1982, Brown was convicted and sentenced in a Texas district court for the felony offense of burglary of a habitation with intent to commit rape. Two months later, Brown appeared before the court on a motion for a new trial. Immediately after Brown was brought into the courtroom, he bolted through one of the courtroom doors and escaped. Pursued by his guards, Brown was captured a short distance from the courthouse.

Brown was tried on the felony offense of escape from custody before State District Judge Walter Smith, the same judge who was presiding at the time Brown escaped.

Judge Smith was the first witness called by the state, after timely objection by Brown.[1]

Judge Smith testified that (1) he was presiding on the bench the day of the escape; (2) he recognized Brown when he was brought into the courtroom; (3) Brown had been previously convicted and sentenced for the burglary offense; (4) he saw Brown run out the courtroom door and jump over the railing; and (5) Brown was in custody at the time of his escape, had not asked permission to leave the courtroom, had not been excused for any reason, and was not free to leave.

The jury found Brown guilty of escape from custody, a felony enhanced with a prior felony conviction, and recommended a twenty-year sentence (the maximum allowed by law) and a fine of $7,500.

Brown argues that the district court erred in denying habeas relief because the state's use of the trial judge as a witness violated Brown's due process right to a fair trial.

## II.

It is well established that "[the] denial of due process is a failure to observe the fundamental fairness essential for the very concept of justice." *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 116 (1941). Although the Supreme Court has never considered whether the state's use of a trial judge as a witness deprives the accused of due process, the Court has on two occasions considered whether the defendant was deprived of a fundamentally fair trial when a bailiff testified as a witness.

In *Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), two deputy sheriffs who served as bailiffs during Turner's trial also testified as witnesses in the trial. In reversing Turner's conviction, the Court explained that "the defendant's right of confrontation, of cross-examination and of counsel" is subverted when the state's key witnesses against Turner were bailiffs who had continuous contact with the jury during the three-day trial. *Id.* at 473, 85 S.Ct. at 550. The Court concluded that the heightened credibility of these witnesses, stemming from their service as bailiffs, rendered the trial "little more than a hollow formality." *Id.*

In *Gonzales v. Beto,* 405 U.S. 1052, 92 S.Ct. 1503, 31 L.Ed.2d 787 (1972), the county sheriff who acted as bailiff in the trial was a critical witness for the state. The Court summarily granted the writ of certiorari and reversed the denial of habeas relief on the basis of *Turner.* In his concurrence, Justice Stewart noted:

> Our adversary system of criminal justice demands that the respective roles of prosecution and defense and the neutral role of the court be kept separate and distinct in a criminal trial. When a key witness against a defendant doubles as the officer of the court specifically charged with the care and protection of the jurors, associating with them on both a personal and an official basis while simultaneously testifying for the prosecution, the adversary system of justice is perverted.

*Id.* It is difficult to see how the neutral role of the court could be more compromised, or more blurred with the prosecutor's role, than when the judge serves as a witness for the state. One of the fundamental tenets of our jury system is a strong trial judge. Under that system the trial judge is properly presented to the jury as the ultimate authority figure, imbued with unquestioned respectability and impartiality. For this reason, juries are traditionally "highly sensitive to every utterance of the trial judge." *Bursten v. United States,* 395 F.2d 976, 982–83 (5th Cir. 1968), *cert. denied,* 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972). Because of the unique authority and respect enjoyed by the trial judge, the state's use of his testi-

---

1. Judge Smith appeared as a witness as permitted under Article 38.13 of the Texas Code of Criminal Procedure which provides: "The trial judge is a competent witness for either the state or the accused, and may be sworn by the clerk of his court and examined, but he is not required to testify if he declares there is no fact within his knowledge important in the case." Repealed effective September 1, 1986.

mony to establish essential elements of the offense charged causes us considerably more concern than the state's use of the testimony of a bailiff or other court officer for this purpose.

Applying *Turner* and *Gonzales* to the instant case, we conclude that Brown was denied a fair trial when the state was allowed to establish the essential elements of the crime of escape through the testimony of the presiding trial judge. Article 38.13, Texas Code of Criminal Procedure, authorizing the trial judge to testify, is unconstitutional as applied to this case.

The judgment of the district court is reversed and the case is remanded to the district court with instructions to enter judgment granting the writ of habeas corpus unless the state retries Brown within ninety days.

REVERSED and REMANDED.