**Raymond WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1435–88.**

Court of Criminal Appeals of Texas,
En Banc.

May 15, 1991.

Rehearing Overruled July 3, 1991.

R. Norvell Graham, Jr., San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., and Beth Taylor, Michael Gebhart and Barbara Hervey, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S AND STATE PROSECUTING ATTORNEY'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted upon his guilty plea of assault, V.T.C.A. Penal Code § 22.-01(a)(1), and placed on probation. His probation was revoked, and on direct appeal, the court of appeals held *inter alia* the trial court was without jurisdiction to convict appellant for the assault offense. *Walker v. State*, 761 S.W.2d 572 (Tex. App.—San Antonio 1988). The court of appeals reversed the original conviction because it was a nullity. *Id.* at 575. We granted both the District Attorney's and the State Prosecuting Attorney's petitions for discretionary review to address the court of appeals' disposition of this appeal from an order revoking probation.

We now find that our decision to grant the State's petitions for discretionary re-

view was improvident. Tex.R.App.Pro. 202(k). Just as in any case where this Court refuses to grant a petition for discretionary review, however, our decision to dismiss these petitions as improvidently granted should not be construed as approval of the court of appeals' opinion.

The State's petitions for discretionary review are ordered dismissed.