**Richard Larry HENSARLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 129–91.**

Court of Criminal Appeals of Texas, En Banc.

March 25, 1992.

Rehearing Denied May 6, 1992.

---

John R. Heath, Nacogdoches, for appellant.

Clyde M. Herrington, Dist. Atty. and Julie A. Alston, Asst. Dist. Atty., Lufkin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

A jury convicted appellant of the murder of his estranged wife, finding he used a deadly weapon, a gun, in the commission of this offense. The jury also assessed appellant's punishment at 99 years imprison-ment in the Texas Department of Corrections [1] and a $5,000 fine. On direct appeal, the court of appeals, in an unpublished opinion, abated the appeal and remanded the cause to the trial court for a retrospective competency trial. *Hensarling v. State*, No. 09–88–281–CR, delivered January 24, 1990. After the competency hearing, in which the jury found appellant was competent to stand trial in 1988, appellant appealed and raised four points of error complaining of error in the conduct of the hearing. The court of appeals overruled these points and affirmed the judgment of the trial court in another unpublished opinion. *Hensarling v. State*, No. 09–88–281 CR, delivered December 19, 1990. We granted appellant's petition on three grounds for review, to-wit: (1) the court of appeals erred in holding that the judgment as to competency was not manifestly unjust; (2) the court of appeals erred in holding that the trial judge, who presided over appellant's murder trial, was not disqualified as a witness under Tex.R.Crim.Evid. 605 at the competency hearing; and (3) the court of appeals erred in holding appellant failed to preserve error as to the trial judge's refusal to grant three challenges for cause during voir dire in the murder trial.[2]

We now find that our decision to grant appellant's petition for discretionary review on the first and third grounds for review, listed above, was improvident. Tex.R.App. Proc. 202(k). That part of appellant's petition is therefore dismissed. Just as in any case where this Court refuses to grant a petition for discretionary review, our decision to dismiss this portion of appellant's petition as improvidently granted should not be construed as approval of the court of appeals' opinion. *Walker v. State*, 811 S.W.2d 131 (Tex.Crim.App.1991). We will address, however, the merits of appellant's second ground for review and affirm the judgment of the court of appeals on that basis. A limited review of the facts is necessary for our disposition.

---

**1.** Now called the Texas Department of Criminal Justice—Institutional Division.

**2.** The court of appeals addressed the issue in this third ground for review in their opinion on January 24, 1990.

Appellant was convicted of murder in a jury trial on September 7, 1988. The trial was held in the 159th Judicial District Court with the Honorable David Walker presiding. On direct appeal from his conviction, the court of appeals abated appellant's appeal and remanded the cause to the trial court for a retrospective competency hearing pursuant to Art. 46.02, V.A.C.C.P. In the meantime, Judge Walker had retired from the bench and the Honorable Gerald Goodwin was appointed to replace him as presiding judge of the 159th District Court. Judge Goodwin, however, had been the prosecuting attorney in appellant's murder trial in 1988. Consequently, the competency hearing was transferred to the 217th Judicial District Court where the Honorable David Wilson presided.

Appellant's first competency hearing began on April 9, 1990, with Judge Wilson presiding over the proceedings. On April 12, 1990, after seven hours of jury deliberations, Judge Wilson declared a mistrial in this cause. Subsequently, a second competency hearing was held on April 30, 1990, and this jury returned a verdict on May 2, 1990. The jury found appellant was not incompetent to stand trial in September of 1988.

Judge Walker, who presided over appellant's criminal trial, testified without objection at appellant's retrospective competency hearing. On appeal, appellant complained the trial court erred in allowing Judge Walker to testify at the competency hearing in violation of Tex.R.Crim.Evid. 605.[3] In briefly addressing this contention, the court of appeals stated:

> The purpose of [Rule 605] is to prevent the impartial referee of the trial from placing his seal of approval on one side in the eyes of the jury. *See Brown v. Lynaugh*, 843 F.2d 849 (5th Cir.1988). We

hold Rule 605 does not apply because Judge Walker was not the presiding judge at the competency hearing. Point of error one is overruled.

*Hensarling*, slip op. at p. 2.

In his brief before this Court, appellant asserts his due process rights were violated by the allowance of Judge Walker's testimony at the competency hearing. Appellant argues that permitting this testimony "allowed the State to reap a direct benefit from Judge Walker's error in not holding a timely competency hearing" and that if a timely hearing had been held, i.e., before the criminal trial on the merits[4], Rule 605 would have prohibited Judge Walker from testifying at the hearing. Appellant thus contends Rule 605 should be made applicable to retrospective competency hearings. We find appellant's contention without merit.

The Texas Rules of Criminal Evidence were promulgated by this Court and became effective September 1, 1986. Rule 605 states in full:

RULE 605. COMPETENCY OF JUDGE AS WITNESS

The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point.

The language of Rule 605 is unambiguous, and construing this rule according to rules of grammar and common usage leads to only one interpretation of the rule. The phrase "the judge presiding at *the* trial may not testify in *that* trial" means that the judge who is presiding over a proceeding may not "step down from the bench" and become a witness in the very same proceeding over which he is currently presiding. Rule 605 addresses only that specific situation; the rule does not encompass any future proceedings in which the judge is participating but not over which the

---

**3.** No preservation of error problem is presented in this cause because Rule 605 expressly states "[n]o objection need be made in order to preserve the point."

**4.** The record reflects appellant filed two motions requesting the trial judge to conduct a hearing to determine appellant's competency to stand trial. The trial judge conducted a hearing

in accordance with Art. 46.02, § 2, V.A.C.C.P., and after the hearing refused to impanel a jury to determine appellant's competency. As noted, the court of appeals remanded this cause to the trial court to impanel a jury to determine whether appellant was competent to stand trial at the time of his criminal trial in 1988.

judge is presiding. Moreover, this narrow interpretation of Rule 605 accomplishes the objective of this rule. The judge is a neutral arbiter in the courtroom, and the rule seeks to preserve his posture of impartiality before the parties and particularly in the eyes of the jury. Learned commentators have noted some of the problems inherent in allowing a judge to be a witness in a trial over which he is presiding, to-wit:

A judge who testifies, for example, might be required to evaluate his own testimony in the course of deciding a motion for a directed verdict. Furthermore, the aura of impartiality surrounding the judge will likely cause the jury to give undue credence to his testimony. Opposing counsel might well be hesitant to attack the judge on cross-examination for fear of alienating either the judge or jury. Finally, practical problems inhere in such judicial testimony. Who, for example, will rule on objections?

See Goode, Wellborn and Sharlot, *Texas Rules of Evidence: Civil and Criminal,* 33 Texas Practice § 605.1, p. 384 (footnotes omitted).

In the present cause, Judge Wilson presided over the competency hearing in which Judge Walker was a witness. Under these facts, we hold there was no error under Rule 605. Appellant's second ground for review is overruled.

The judgment of the court of appeals is therefore affirmed.

CLINTON, J., dissents to dismissal of grounds 1 and 3, and joins the judgment of affirmance.

MALONEY, Judge, dissenting.

Appellant, after having been denied a competency hearing by the trial judge, the Honorable David Walker, was tried on a murder indictment alleging the conduct to have occurred on the 12th of November, 1987. The trial ended on September 8, 1988, with the jury assessing punishment at 99 years imprisonment in the Texas Department of Corrections and a $5,000.00 fine. On direct appeal, in an unpublished opinion on January 24, 1990, the court of appeals abated the appeal and remanded the case to the trial court for a jury trial on the issue of competency to stand trial. *See* *Barber v. State,* 737 S.W.2d 824 (Tex.Cr. App.1987), *cert. den.,* 489 U.S. 1091, 109 S.Ct. 1559, 103 L.Ed.2d 861 (1989).

Introduction of evidence in the competency hearing began on April 9, 1990 and continued until April 12, 1990; however, after several hours of deliberation, the jury was unable to reach a verdict and a mistrial was declared.

On April 30, 1990, evidence was presented to a new jury and on May 2, 1990, the jury found that the defendant was competent at the time he was tried on the indictment in 1988.

After the court of appeals affirmed appellant's conviction, we granted appellant's petition for discretionary review on three grounds of review. The majority has found that we improvidently granted grounds one and three for review and has overruled ground of review two. I dissent to this court's determination that ground of review one was improvidently granted and that ground of review two should be overruled.

During the competency hearing at the behest of the prosecuting attorney, Judge David Walker, the presiding judge who had denied the defendant's motion for a competency hearing in 1988 and who presided during that part of the proceedings dealing with guilt/innocence and punishment, testified as a witness. Judge Walker testified, in part, as follows:

Q. ... based upon your observations of [the defendant]—how would you characterize his understanding of the proceedings?

A. I think he understood everything that went on ... he asked intelligent questions, and he responded to what I did intelligently so, you know, there was just no opinion I could come up with except that he understood what was going on ... [a]nd he was competent.

Judge Walker further testified that "I never, in my opinion, saw anything really that [the defendant] said or acted during the

trial or before the trial that indicated he was not competent." In response to questioning concerning the defendant's actions in conducting portions of his own trial, Judge Walker testified as follows:

Q. ... Did his questions indicate a lack of touch with reality or that he was having any kind of delusions or anything of that nature?

A. Absolutely not.

Q. ... is there anything in regard to the questioning of the witnesses that sticks out in your mind that indicates that Mr. Hensarling was not rational or didn't understand what was going on or didn't understand what the witness was saying?

A. Absolutely not.

When questioned about his decision not to empanel a jury to determine the issue of the defendant's competency, Judge Walker testified as follows:

Q. And you did not feel like that it should be submitted to a jury as to whether or not he was competent?

A. That's right. That's right. And as I recall even Mr. Hensarling wanted to go ahead and go to trial, too, after we'd gotten that far.

In ground of review number two, appellant complains that Judge Walker was disqualified as a witness under Texas Rule of Criminal Evidence 605. The majority holds that Rule 605 is inapplicable to Judge Walker's testimony because, they reason, the competency hearing is a different "proceeding" than the trial on the merits and Rule 605 only prevents the judge from stepping down from the bench and testifying in a proceeding over which he is currently presiding.

The majority's view fails to recognize that a competency hearing is part of the same criminal proceeding as the trial on the merits. A competency hearing has been recognized as "ancillary to the main criminal proceeding" and likened to hearings on motions to suppress evidence and motions to quash an indictment. *Jackson v. State,*

548 S.W.2d 685, 690 (Tex.Cr.App.1977); *see also Arnold v. State,* 719 S.W.2d 590, 593 (Tex.Cr.App.1986), *overruled on other grounds, Meraz v. State,* 785 S.W.2d 146, 155 (Tex.Cr.App.1990). In fact, a defendant cannot directly appeal issues raised in a competency hearing, but must wait and raise those issues in an appeal on the trial on the merits. *Jackson,* 548 S.W.2d at 690. As noted in *Arnold,* a competency hearing is "part of a criminal case ... [b]ut for the criminal offense, the competency provisions of Art. 46.02 V.A.C.C.P., are not applicable." *Arnold,* 719 S.W.2d at 592, n. 1. Here, Judge Walker was the presiding judge during the guilt/innocence and punishment portions of this criminal proceeding. He should not be allowed to testify under Rule 605 in a hearing in the same criminal proceeding. By doing so, he places his "seal of approval" on the side of the state.

It is not uncommon for more than one judge to preside over various portions of a single criminal proceeding. The majority's interpretation of Rule 605 would tolerate the testimony of any number of judges who had presided over previous portions of a trial as to their opinion of facts related to issues on which they had previously ruled, regardless of whether or not a new jury were empaneled for purposes of the subsequent proceeding.

In ground of review one, appellant complains that his constitutionally protected right to due process was violated in that the judgment of competency, being based upon the testimony of Judge Walker, was manifestly unjust.[1] Although both appellant and the state fully briefed the issue of whether it was fundamental error to allow the testimony of Judge Walker, the court of appeals, relying on the failure of appellant to preserve error, did not address the issue. However, the testimony of Judge Walker amounted to fundamental error of the nature that requires review even in the absence of an objection at trial and accord-

**1.** In the court of appeals, appellant claimed that it was fundamental error for a trial judge in a subsequent competency hearing to testify as to his lay opinion and his opinion of the law on an ultimate issue.

ingly, the court of appeals should have addressed the ground of error.

This court has recognized that once jurisdiction attaches, this and other appellate courts in Texas have a "broad scope of review and discretion," and may review issues of unassigned error. *Carter v. State*, 656 S.W.2d 468, 469 (Tex.Cr.App. 1983); *see also Moreno v. State*, 114 Tex. Cr.R. 559, 26 S.W.2d 652 (Tex.Cr.App.1930) (Holding that "this court can only sit in review upon matters of error either fundamental or which are properly raised upon the trial"). Certain due process violations have been recognized as so fundamental as to require review by an appellate court, even in the absence of objection during trial or a ground of error raised on appeal. *Skelton v. State*[2], 655 S.W.2d 302, 304 (Tex.App.—Tyler 1983, pet. ref'd); *see also Howeth v. State*[3], 645 S.W.2d 787, 788 (Tex.Cr.App.1983). This court should review appellant's ground of review one although not objected to at trial since the alleged error is such that it calls into question whether the accused received a fair and impartial trial and "implicates the due course of law clause of the Texas Constitution." *Howeth*, supra; *see also Skelton*, supra. The testimony of the trial judge for the state in a subsequent hearing in the same criminal proceeding in which the judge had earlier presided also implicates

due process concerns. *Brown v. Lynaugh*, 843 F.2d 849 (5th Cir.1988).

In *Brown v. Lynaugh*, the Fifth Circuit addressed whether the state's use of the presiding judge as a witness amounted to a denial of the defendant's due process rights.[4] *Id*. During proceedings relating to a motion for new trial following the conviction of a felony, the defendant, Brown, bolted from the courtroom and escaped. *Id*. The subsequent trial for the felony of escape from custody was held before Judge Walter Smith, the same judge who had presided over the proceedings in which the defendant had escaped. The state called Judge Smith as a witness, whereupon he testified as to facts establishing essential elements of the offense of escape.[5] In holding that Judge Smith's testimony denied Brown a fair trial, the Fifth Circuit stated that:

> It is difficult to see how the neutral role of the court could be more compromised, or more blurred with the prosecutor's role than when the judge serves as a witness for the state. One of the fundamental tenants of our jury system is a strong trial judge. Under that system, the trial judge is properly presented to the jury as the ultimate authority figure, imbued with unquestioned respectability and impartiality. For this reason, juries

---

**2.** In *Skelton v. State*, the trial court struck the testimony of three of the witnesses for the defense who testified as to the defendant's character and reputation. 655 S.W.2d at 302. Although the defendant did not object during trial or raise the error on appeal, the court of appeals stated that "[w]here a defendant has been deprived of due process under the state and federal constitutions, indeed it is our constitutional duty to take appropriate action to enforce such constitutional protections." *Id*. at 304. I would note that this court has favorably cited *Skelton* for its definition of "due process." *Meraz v. State*, 714 S.W.2d 108, 113 (Tex.Cr.App.1986).

**3.** In *Howeth v. State*, this court granted the appellant's petition for discretionary review to address the sufficiency of the evidence to support conviction. 645 S.W.2d at 788. We held that a sufficiency of the evidence issue "implicates the Fourteenth Amendment to the Constitution of the United States and the due course of law clause of the Texas Constitution" and therefore we would *"ex mero motu* or *ex proprio motu* or *sua sponte"* address the issue. This

court found that "error of a fundamental nature exist[ed]" and reversed the decision of the court of appeals. *Id*.

**4.** At the time of the proceedings in the state trial court in *Brown* the controlling statute, Article 38.13 of the Texas Code of Criminal Procedure, provided that the trial judge could be called as a witness for the state or the defense. This article was repealed effective September 1, 1986. In rendering its decision in *Brown*, the Fifth Circuit found Article 38.13 unconstitutional as applied in that case. *Brown*, 843 F.2d at 851. As noted above, Tex.R.Crim.Evid. 605 had not been enacted at the time of the applicable proceedings in *Brown*.

**5.** Judge Smith testified that (1) he was the presiding judge at the time of the escape; (2) he recognized the defendant; (3) Brown was previously convicted and sentenced on a separate offense; (4) he saw Brown escape from the courtroom; and (5) Brown was in custody when he escaped.

are traditionally 'highly sensitive to every utterance of the trial judge.' *Id.* at 850 (citations omitted). The Fifth Circuit concluded that the state's use of the trial judge's testimony to establish essential elements of the subject offense deprived the defendant of his right to a fair trial.

Although Judge Walker did not preside over the competency hearing at which he testified, the same concerns expressed by the Fifth Circuit in *Brown* are nevertheless present. Judge Walker was identified in the competency hearing as the presiding judge during the guilt/innocence and punishment portions of the trial. It was clear to the jury that Judge Walker would in fact be presiding over the competency proceedings but for the fact that he was now a "Senior Judge." Judge Walker was presented to the jury as an ultimate and impartial authority on the competency of the defendant to stand trial. He was presented as "the ultimate authority figure, imbued with unquestioned respectability and impartiality." As stated in *Brown,* "it is difficult to see how the role of the court could be more compromised" than here where the judge who presided in the guilt/innocence and punishment portions of the same proceedings is now aligned with the state.[6]

In *Brown,* the Fifth Circuit found that due process was denied where the judge testified as to *facts* constituting elements of the subject offense. Here, Judge Walker testified as to his *opinion* about the competency of the defendant. The denial of due process is even more disturbing here than in *Brown,* as opinion testimony is less susceptible to scrutiny than testimony pertaining to verifiable facts. Further, Judge Walker, whose ruling on the competency hearing had been overturned, was not an impartial observer on this issue. To allow the trial judge to testify in a competency hearing as to his opinion of the competency of a defendant when that same judge had previously ruled *in error* that a competency hearing on this defendant's competency

to stand trial was not called for is so contrary to the concept of "fundamental fairness" as to amount to a denial of due process.

For the reasons herein stated I respectfully dissent. I would reverse the decision of the court of appeals on either ground of review one or ground of review two and remand this cause for a new hearing on the competency of appellant to stand trial.

BAIRD and OVERSTREET, JJ., join.

---

6. Aggravating the situation, the state also called Judge J.B. Goodwin as a witness. Judge Goodwin had been the prosecuting attorney during the guilt/innocence and punishment portions of the proceedings. Since that time he had been elevated to the bench to succeed Judge Walker.