103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy L. ROGERS, Plaintiff-Appellee,
v.
Larry BEARLEY, Defendant-Appellant.
 No. 95-36093.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.*
Decided Dec. 10, 1996.
 
 Before: WRIGHT, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We are asked to decide whether a prison disciplinary officer may rely on personal knowledge of a general nature in adjudicating an inmate infraction. Because we find that such reliance does not violate clear law, the defendant hearing officer is entitled to qualified immunity and we need not reach the merits.
 
 
 3
 A prison hobby officer suspected inmate Roy Rogers of possessing horse hair items made by other prisoners, in violation of prison policy. Defendant Larry Bearley presided at Rogers's disciplinary hearing. He considered the physical evidence, the hobby officer's report, and Rogers's statement, as well as his personal knowledge of horse hair products and found Rogers guilty. He ordered that Rogers's hobby privileges be suspended and his hobby items confiscated.
 
 
 4
 Rogers sued, alleging denial of due process. Magistrate Judge Erickson granted summary judgment to Rogers on the issue of liability and denied Officer Bearley's claim of qualified immunity. The jury awarded Rogers $3000 in damages. Bearley timely appeals. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
 
 I.
 
 5
 Rogers asserts that we lack jurisdiction because the notice of appeal does not "designate the judgment, order, or part thereof appealed from" as required by FRAP 3(c). A notice of appeal confers appellate jurisdiction if the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake. United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir.1983), cert. denied, 464 U.S. 1071 (1984). A properly served legal brief can give notice of the issue on appeal. Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1481 (9th Cir.1986), aff'd, 488 U.S. 347 (1989).
 
 
 6
 Bearley's brief discloses the issues, and Rogers was able to respond fully after being granted an extension of time to file his response. Rogers had proper notice and was not prejudiced.
 
 II.
 
 7
 This court reviews de novo a denial of qualified immunity. Bearley is entitled to qualified immunity unless he knew or should have known that his conduct would violate Rogers's federal constitutional rights. Procunier v. Navarette, 434 U.S. 555, 561-562 (1978). Rogers has not shown clear law such that a reasonable officer in Bearley's position would have known that he was violating an established right. See Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 8
 Due process requirements apply to prison disciplinary hearings, and due process generally requires an impartial adjudicator, but no case has found a prison hearing officer's reliance on personal knowledge to compromise impartiality. On the contrary, courts have refused to interfere with specific procedures and evidentiary rules in prison hearings. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974) (requiring only "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action"); Baxter v. Palmigiano, 425 U.S. 308, 322-323 (1976) (refusing to require confrontation and cross-examination of witnesses).
 
 
 9
 Prior cases do not indicate that Bearley should have known that his conduct was unlawful. See Griffin v. Spratt, 969 F.2d 16 (3d Cir.1992) (holding that prison officers need not test fermented beverages prior to confiscation); Holt v. Caspari, 961 F.2d 1370 (8th Cir.1991) (permitting hearing officers to identify substance as "valium," when it was so labelled, without laboratory analysis), cert. denied, 506 U.S. 865 (1992); Redding v. Fairman, 717 F.2d 1105, 1112-1113 (7th Cir.1983) (refusing to presume bias on the part of hearing officers who were being sued by inmate appearing before them), cert. denied, 465 U.S. 1025 (1984); Ruley v. Nevada Bd. of Prison Comm'rs, 628 F.Supp. 108, 112 (D.Nev.1986) (holding that due process claim by a prisoner requires "[a] substantial showing of bias").
 
 
 10
 The summary judgment order relies on Clutchette v. Procunier, 497 F.2d 809 (9th Cir.1974). Clutchette was reversed on other grounds, Baxter v. Palmigiano, 425 U.S. 308, and this court vacated the opinion. Clutchette v. Enomoto, 536 F.2d 305 (9th Cir.1976). Even if it were good law, Clutchette would not apply here. Judge Erickson found that Bearley acted as a "witness" in the sense that he contributed evidence in the form of personal knowledge. Clutchette did not use the term "witness" in that sense. It prohibited adjudication by someone who witnessed the conduct at issue, but did not prohibit an adjudicator from using general knowledge to assess guilt. On the contrary, Clutchette acknowledged that adjudicators may "have some awareness of" the general circumstances surrounding the infraction. Clutchette, 497 F.2d at 820.
 
 
 11
 None of the cases cited by Rogers establishes clear law on this topic. Some state generally that prison hearing officers must be impartial, but do not address reliance on personal knowledge. See, e.g., Patterson v. Coughlin, 905 F.2d 564, 569-570 (2d Cir.1990); Fife v. Crist, 380 F.Supp. 901, 910 (D.Mont.1974). Others apply only to judges. See, e.g., Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979); Quercia v. United States, 289 U.S. 466, 470 (1932); Brown v. Lynaugh, 843 F.2d 849 (5th Cir.1988); United States v. Lewis, 833 F.2d 1380 (9th Cir.1987). These cases do not apply to prison hearings. See Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir.1989) ("[T]he degree of impartiality required of hearing officials does not rise to the level of that required of judges generally.").
 
 
 12
 Because we reverse based on qualified immunity, we do not reach the issues of due process, the Montana Tort Claims Act, or Judge Erickson's decision not to give a "mixed motive" instruction at the damages phase. We remand for entry of judgment for Bearley.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 The appellee was well represented on this appeal by Tara Jarvid and Lynn Dankowski, students at University of Montana School of Law, supervised by Professor Jeffrey T. Renz, Director of the Montana Defender Project
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3