**In re Janice RODRIGUEZ.**

**No. 10-04-00165-CR.**

Court of Appeals of Texas,
Waco.

Aug. 25, 2004.

L. Patrick Davis, Ft. Worth, for Appellant/Relator.

Dale S. Hanna, Johnson County District Attorney, Cleburne, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**[1]

TOM GRAY, Chief Justice.

The petition for writ of mandamus is denied. See *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex.Crim.App.2004) (orig.proceeding); *In re Rodriguez*, No. 10-04-00152-CV, 2004 WL 1632829, 2004 Tex. App. LEXIS 6605 (Tex.App.-Waco July 21, 2004, orig. proceeding) (per curiam).

Justice VANCE dissenting.

BILL VANCE, Justice, dissenting.

Relator, Janice Rodriguez, filed a motion to recuse Judge William Bosworth, Jr., Judge of the 413th District Court of Johnson County, asserting grounds under Rule of Civil Procedure 18b. TEX.R. CIV. P. 18b(a), (b), (f). Judge Bosworth declined to recuse himself and referred the matter to Judge Jeff Walker, Eighth Regional Administrative Judge. At the hearing on the motion, Judge Walker refused to allow Relator to call Judge Bosworth as a witness, citing Rule of Evidence 605. TEX.R. EVID. 605. Relator seeks to compel Judge Walker to hold another hearing on the motion and compel the attendance of Judge Bosworth as a witness.[1]

As far as I can determine, the issue of whether Rule 605 (the rule relied on by Judge Walker) precludes a trial judge

---

1. There is an apparent conflict in TEX.R.APP. P. 47.4. Because the author of the Dissenting Opinion has opposed the designation of this Memorandum Opinion as a memorandum opinion it must be designated as an opinion. "An opinion may not be designated a memorandum opinion if the author of a concurrence or dissent opposes that designation." TEX.R.APP. P. 47.4. The same rule, however, limits what opinions can be designated non-memorandum opinions:

An opinion must be designated a memorandum opinion unless it does any of the following:

(a) establishes a new rule of law, alters or modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases;

(b) involves issues of constitutional law or other legal issues important to the jurisprudence of Texas;

(c) criticizes existing law; or

(d) resolves an apparent conflict of authority. *Id.* This opinion does not do any of those things, and thus "must" be designated a memorandum opinion. *Id.* We have, nevertheless, designated it as an opinion because the sentence of the rule regarding the opposition by the author of a concurrence or dissent is more specific, and subject to less interpretation, than the later portion of the same rule above quoted.

It does, however, remain designated "do not publish" pursuant to TEX.R.APP. P. 47.2(b). A question remains whether it was the purpose of the rule to allow the author of a concurrence or dissent to publish the concurrence or dissent over the contrary vote of the other members of the panel, and, further, to attach as an appendix to that concurrence or dissent the opinion designated "do not publish." We choose, in this instance, to leave that issue to the jurisprudential judgment of the author, but ultimately it will be left to the rule makers to clarify.

1. The majority opinion is designated "do not publish." However, the court makes all opinions, published and non-published, available to Westlaw, LexisNexis and other publishers.

from testifying at a recusal hearing before another judge is a question that has not been directly decided. The rule does not appear to be so broad and seems to be limited to situations in which a judge actually leaves the bench to testify at a trial over which he is presiding. *See In re Bruce,* 112 S.W.3d 635, 642 n. 1 (Tex.App.-Fort Worth 2003, pet. dism'd, untimely filed) (where a different judge presided over the habeas corpus hearing, trial judge who had not officially recused himself from the case when the State called him as a witness was not "stepping down from the bench" and testifying as a witness in the very same proceeding over which he was currently presiding) (citing *Hensarling v. State,* 829 S.W.2d 168, 170 (Tex.Crim.App. 1992), and *Franks v. State,* 90 S.W.3d 771, 781 (Tex.App.-Fort Worth 2002, no pet.) (trial judge's testimony from a recusal hearing should not have been admitted into evidence at trial)); *see also Kemp v. State,* 846 S.W.2d 289, 305 n. 9 ("In *Hensarling v. State,* 829 S.W.2d 168 (Tex.Crim. App.1992), we construed Rule 605 to circumscribe only that situation in which a trial judge would actually 'step down from the bench' to become a witness in the very same proceeding in which he is currently presiding.").

Relator has no adequate remedy by appeal in this instance because the testimony of the trial judge whose recusal she seeks will not be available at a trial. *See De Leon v. Aguilar,* 127 S.W.3d 1, 5 (Tex. Crim.App.2004) (orig.proceeding) ("party seeking mandamus relief 'must establish the effective denial of a reasonable oppor-

tunity to develop the merits of his or her case"). A trial before a biased trial judge is structural error not subject to a harm analysis. *Id.* at 7 (citing *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999)).

Relator has been denied Judge Bosworth's testimony on her motion to recuse him, and she will be unable to preserve it for our review on direct appeal because she will have no opportunity at trial to further develop the merits of her motion.[2] *See De Leon,* 127 S.W.3d at 5.

Believing Relator does not have an adequate remedy by a direct appeal, I would request a response and decide this issue. TEX.R.APP. P. 52.

---

**2.** In the civil context a remedy by appeal is inadequate when (1) a discovery error cannot be cured, (2) ability to present a viable claim or defense is severely compromised, or (3) missing discovery cannot be made part of the appellate record so that the reviewing court is unable to evaluate the effect of the trial court's error on the record before it. *See*

*Walker v. Packer,* 827 S.W.2d 833, 843–44 (Tex.1992). Here, if Judge Walker's refusal was error, it cannot be cured; Relator's ability to present evidence on her recusal motion will have been completely compromised, and the missing testimony cannot be made part of the record for appeal.