IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00165-CR

 

In re Janice rodriguez

 

 



Original
Proceeding

 

 



DISSENTING 
Opinion



 

Relator, Janice Rodriguez, filed a motion to
recuse Judge William Bosworth, Jr., Judge of the 413th District Court
 of Johnson
 County, asserting grounds under Rule of Civil
Procedure 18b.  Tex. R. Civ. P. 18b(a), (b), (f).  Judge Bosworth declined to recuse himself and
referred the matter to Judge Jeff Walker, Eighth Regional Administrative Judge.
 At the hearing on the motion, Judge Walker
refused to allow Relator to call Judge Bosworth as a witness, citing Rule of
Evidence 605.  Tex. R. Evid. 605. 
Relator seeks to compel Judge Walker to hold another hearing on the
motion and compel the attendance of Judge Bosworth as a witness.[1]

          As
far as I can determine, the issue of whether Rule 605 (the rule relied on by
Judge Walker) precludes a trial judge from testifying at a recusal hearing before
another judge is a question that has not been directly decided.  The rule does not appear to be so broad and seems
to be limited to situations in which a judge actually leaves the bench to
testify at a trial over which he is presiding. 
See In re Bruce, 112 S.W.3d
635, 642 n.1 (Tex. App.—Fort Worth 2003, pet. dism’d, untimely filed) (where a
different judge presided over the habeas corpus hearing, trial judge who had
not officially recused himself from the case when the State called him as a
witness was not "stepping down from the bench" and testifying as a
witness in the very same proceeding over which he was currently presiding)
(citing Hensarling v. State, 829
S.W.2d 168, 170 (Tex. Crim. App. 1992), and Franks
v. State, 90 S.W.3d 771, 781 (Tex. App.—Fort Worth 2002, no pet.) (trial
judge’s testimony from a recusal hearing should not have been admitted into
evidence at trial)); see also Kemp v.
State, 846 S.W.2d 289, 305 n.9 (“In Hensarling
v. State, 829 S.W.2d 168 (Tex. Crim. App. 1992), we construed Rule 605 to
circumscribe only that situation in which a trial judge would actually ‘step
down from the bench’ to become a witness in the very same proceeding in which
he is currently presiding.”).

Relator has no adequate remedy by appeal in this
instance because the testimony of the trial judge whose recusal she seeks will
not be available at a trial.  See De Leon v. Aguilar, 127 S.W.3d
1, 5 (Tex. Crim. App. 2004) (orig. proceeding) (“party seeking mandamus relief
‘must establish the effective denial of a reasonable opportunity to develop the
merits of his or her case”).  A trial
before a biased trial judge is structural error not subject to a harm
analysis.  Id. at 7 (citing Neder v.
United States, 527 U.S. 1, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999)).

Relator has been denied Judge Bosworth’s
testimony on her motion to recuse him, and she will be unable to preserve it
for our review on direct appeal because she will have no opportunity at trial
to further develop the merits of her motion.[2]  See
De Leon, 127 S.W.3d at 5.

          Believing
Relator does not have an adequate remedy by a direct appeal, I would request a
response and decide this issue.  Tex. R. App. P. 52.

 

 

 

                                                                              BILL
VANCE                                                                                                                  Justice

 

Dissenting opinion delivered and filed August 25, 2004

Publish











  [1]  The majority opinion is designated “do not
publish.”  However, the court makes all
opinions, published and non-published, available to Westlaw, LexisNexis and
other publishers.





  [2]  In the civil context a remedy by appeal is
inadequate when (1) a discovery error cannot be cured, (2) ability to present a
viable claim or defense is severely compromised, or (3) missing discovery
cannot be made part of the appellate record so that the reviewing court is
unable to evaluate the effect of the trial court's error on the record before
it.  See Walker v.
Packer, 827 S.W.2d 833, 843-44
(Tex. 1992). 
Here, if Judge Walker’s refusal was error, it cannot be cured; Relator’s
ability to present evidence on her recusal motion will have been completely
compromised, and the missing testimony cannot be made part of the record for
appeal.