**AFFIRMED as Modified; Opinion Filed July 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01315-CR
No. 05-14-01316-CR

**DANIEL ALEXANDER GAYTAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-56218-Q; F13-56007-Q**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Pursuant to a negotiated plea, Daniel Alexander Gaytan pleaded guilty to burglary of a habitation in trial court cause number F13-56007-Q and was placed on deferred adjudication community supervision for five years. While on community supervision, appellant was indicted for another burglary of a habitation offense in trial court cause number F14-56218-Q. The State filed a motion to adjudicate guilt in the first offense. Appellant entered a plea of "true" to the allegations in the State's motion to adjudicate and pleaded guilty to the new offense without the benefit of plea bargain agreements. At a hearing concerning both cases, the trial court adjudicated appellant guilty in the first offense and then sentenced him to fifteen years' imprisonment for each offense. In six issues, appellant generally complains the trial court violated Texas Rule of Evidence 605, improperly considered evidence outside the record,

abandoned its role as neutral arbitrator, and refused to consider the full range of punishment. In a seventh issue, appellant contends the judgment adjudicating guilt in cause number F13-56007-Q should be reformed to reflect that it was not a plea bargain case. After reviewing the record, we overrule appellant's first six issues, but conclude the judgment in cause number F13-56007-Q should be modified as requested. Accordingly, we affirm the judgment in F14-56218-Q and, as modified, affirm the judgment in F13-56007-Q.

## ANALYSIS

In his first issue, appellant complains the judge violated rule 605 of the Texas Rules of Evidence by testifying as a witness at the hearing on the cases. In his second issue, appellant contends the trial court abused its discretion by considering evidence outside the record in deciding his sentences. Because appellant argues these issues together, and both issues involve appellant's chest tattoo, we will address them together.

Immediately after appellant's cases were called on September 15, 2014, the following exchange occurred between appellant and the trial judge.

THE COURT: What's that tattoo you have on your chest?

THE DEFENDANT: Texas.

THE COURT: Oh, man. So you're ready to go down; you're Texas Syndicate, right?

THE DEFENDANT: No, ma'am.

THE COURT: You just seem kind of young to be a member of that. You've been to prison before?

THE DEFENDANT: No, ma'am.

THE COURT: You got it for your daddy, Texas Syndicate?

THE DEFENDANT: No, ma'am.

THE COURT: Who do you know that's in Texas Syndicate?

THE DEFENDANT: No one.

THE COURT: You just love the hell out of Texas, is that it? You just love it so much you're gonna mess up your chest for Texas. Wow. I don't know. No wonder you can't make this probation.

* * *

THE COURT: Let me see your chest. I want to see your tattoo.

THE DEFENDANT: (Demonstrates.)

THE COURT: What does that say, "O" what? What are the initials?

THE DEFENDANT: OCT.

THE COURT: What?

THE DEFENDANT: OCT.

THE COURT: OCT?

THE DEFENDANT: Yes, ma'am.

THE COURT: What does that mean?

THE DEFENDANT: Oak Cliff, Texas.

THE COURT: No. Yeah. What did they offer you?

THE DEFENDANT: Ten years.

THE COURT: Yeah. I don't know. Maybe you should consider taking that.

[DEFENSE COUNSEL]: We did a CATS eval, Judge. The CATS eval said --

THE COURT: When did you get that tat?

THE DEFENDANT: When I was 15.

THE COURT: Why?

THE DEFENDANT: I was just -- in my mind, at the time, I thought it would be a good idea because I've been in Dallas my whole life, in Oak Cliff. I've never moved houses.

The trial judge continued to ask questions of defense counsel and appellant. After the judge indicated she might sentence appellant to more than the ten years that the State had offered in its plea bargain, the hearing was continued to allow appellant an opportunity to discuss with his attorney how to proceed. When the hearing resumed on September 19, 2014, defense counsel indicated that appellant, against counsel's advice, had decided to proceed with his open plea and have the trial court assess his punishment. Appellant entered his plea of true to the allegations in the motion to adjudicate and entered a plea of guilty in the new case. The State admitted into evidence appellant's written plea of true in the deferred adjudication case and appellant's signed written judicial confession and stipulation of evidence in the new case. The State also requested the trial court take judicial notice of the court's entire file. Appellant then testified. After both sides completed their examination of appellant, the trial court questioned appellant. During this questioning, the following exchange occurred:

> THE COURT: Okay. And then what about this weapon? Is that about the time that you got that tattoo on your chest, that gang tattoo, OTC; is that right?
>
> THE DEFENDANT: OCT, yes, ma'am.
>
> THE COURT: OCT. Excuse me. So around the same time that you were burglarizing these homes, that was about when you were with this gang; is that right?
>
> THE DEFENDANT: I wasn't with a gang, ma'am. I just had money and -- and since I had -- that's how I decided to use it. Another dumb decision.
>
> THE COURT: Okay. All righty. So you [sic] tattoo on your chest Texas -- and what else does it say?
>
> THE DEFENDANT: OCT. That's it.
>
> THE COURT: I can't remember. Can I take a look at it again? Let me see what it says.
> THE DEFENDANT: (Demonstrates.)
>
> THE COURT: Yeah. Okay. All righty. Okay.

After stating that she was setting appellant's punishment at fifteen years and inquiring whether there was any reason at law appellant should not be formally sentenced, the Court stated the following.

> THE COURT: It is, therefore, the order of this Court in each of these cases that you be taken by the sheriff of Dallas County, and by her safely held and transferred to an authorized receiving agent of the Institutional Division of the Texas Department of Criminal Justice, wherein you shall be confined for a period of 15 years or until your sentences are otherwise discharged according to the law. Each sentence is imposed to start today, September the 19th, 2014. However, you have an absolute right to appeal these cases. I'm handing you a piece of paper that lets you know that you have to appeal within 30 days. So we'll have your lawyer fill out those appeal papers if you wish to do so.

> I was open-minded, sir. I thought maybe after you got a little taste of what I was talking about that you would then listen to your lawyer's advice, that maybe at least you'd start saying the right things. But you just can't help yourself; you just can't help it. And maybe your mother will be glad that now – that she'll know where you are all the time and she won't be worried about you out and about, hanging out with gangsters or whoever you hang out with, breaking into people's homes, risking getting killed. Well, I guess you could get killed in prison, but you already knew that, right?

Appellant did not object to any of the trial court's above questions, conduct, or comments. Texas Rule of Evidence 605 provides that a presiding judge at a trial may not testify as witness in the trial. TEX. R. EVID. 605. The rule also states that a party need not object to preserve the issue for appeal. *Id.* The prohibition stated in rule 605 means that a judge presiding over a matter may not "step down from the bench" and become a witness in the same proceeding over which he is presiding. *Hensarling v. State*, 829 S.W.2d 168, 170 (Tex. Crim. App. 1992).

The issue here is whether the judge's questions to appellant about his chest tattoo are the functional equivalent to witness testimony and thus violate rule 605. *See Hammond v. State*, 799 S.W.2d 741, 746–47 (Tex. Crim. App. 1990). We conclude they are not. The trial court's questioning sought to determine if the chest tattoo she observed on appellant represented a gang affiliation. In response to the judge's questions, appellant consistently denied any association with a gang. To the extent appellant suggests the trial court did not believe appellant, we note

–5–

that as the fact-finder in the proceedings, the trial court was free determine appellant's credibility and the weight to be given to his testimony. Having examined the reporter's record, we conclude the trial judge's inquiry into appellant's tattoo was not a situation where the trial court stepped down from the bench and became a witness for the prosecution. Accordingly, we conclude the trial judge's questioning did not violate rule 605. *See Hensarling*, 829 S.W.2d at 170. We overrule appellant's first issue.

In his second issue, appellant contends the trial court abused its discretion in considering appellant's tattoo as evidence of a gang affiliation when determining his sentences. Specifically, appellant argues that because his chest tattoo was outside the record in this case and was not evidence of a gang affiliation, the trial court erred in considering it when determining his punishment.

As noted above, appellant did not object to the trial court's inquiry into appellant's tattoo or otherwise preserve this issue for review. With the exception of those rights involving systemic (or absolute) requirements, or rights that are non-forfeitable but may be affirmatively waived, all appellate complaints, whether constitutional, statutory, or otherwise are forfeited absent a timely request for relief at the trial level. *See* TEX. R. APP. P. 33.1; *see also Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Appellant has not argued he was not required to preserve this complaint. Moreover, there is nothing in the record before us to show that the trial court actually considered appellant's tattoo as evidence of gang affiliation in assessing punishment. We overrule appellant's second issue.

In his third issue, appellant contends that by its comments and conduct throughout the proceeding, the trial court abandoned its role as neutral arbiter in violation of the due process

clause in the Fourteenth Amendment of the U.S. Constitution.[1] In addition to the trial court's conduct related to appellant's chest tattoo discussed above, appellant complains of various trial court comments and questions to appellant before his plea, and during and after his testimony. Additionally, he references certain trial court comments directed to appellant after closing arguments. Appellant also complains of the trial court's remarks about the absence of appellant's mother to testify on his behalf. At the hearing, appellant indicated he did not tell his mother to appear because he didn't know his exact court date. The trial court then asked if appellant wanted a continuance so his mother could testify. The trial court continued questioning appellant and then asked appellant if he wanted the court to call and see if appellant's mother could come and testify. Appellant agreed and the trial court placed the call. The trial court then reported that appellant's mother would be glad to testify, but was having chemotherapy, "so she might still be a little under the weather. You still want her to come?" Appellant responded no, and the trial court asked defense counsel whether he would like to argue for a continuance or argue regarding punishment. After speaking with appellant in private, defense counsel requested a continuance to allow appellant's mother to testify. After the trial court granted the continuance, appellant thanked the court. The trial court responded, "Oh, you should not be thanking me. If you think that you're impressing me by dragging your dying mother down here to testify for you, you're doing just the opposite, sir." Appellant then changed his mind and decided to proceed with the hearing without his mother's testimony.

Appellant argues the trial court's active participation in cross-examining him, numerous negative comments, consideration of appellant's tattoo as evidence of gang membership, and

---

[1] In his fourth issue, appellant contends that the trial court's comments and conduct also violated the due course of law provision under article one, section nineteen of the Texas Constitution. Although appellant argues his third and fourth issues jointly, he does not discuss or provide any applicable authority with respect to his state constitutional claim. Accordingly, he has waived this complaint. *See* TEX. R. APP. P. 38.1; *Brumit v. State*, 206 S.W.3d 639, 646 n.3 (Tex. Crim. App. 2006).

conduct regarding appellant's mother, demonstrate the trial court's bias against him and reflect a failure on the part of the trial court to remain neutral and detached. Appellant concedes that he is raising this due process complaint for the first time on appeal and did not object to any of the trial court's comments or conduct at trial. He contends, however, the trial court's comments and conduct constitute fundamental error such that he was not required to preserve his complaint below. We do not agree that appellant's complaints implicate fundamental error.

As noted above, with the exception of two very narrow categories, all appellate complaints, whether constitutional, statutory or otherwise, are forfeited absent a timely request for relief at the trial level. *See* TEX. R. APP. P. 33.1; *see also Mendez*, 138 S.W.3d at 341; *Marin*, 851 S.W.2d at 279. As relevant here, complaints regarding improper judicial comments must be preserved at trial unless the judicial comments rise to the level of fundamental error. *See Unkart v. State*, 400 S.W.3d 94, 99–100 (Tex. Crim. App. 2013), *see also Blue v. State*, 41 S.W.3d 129, 132–33 (Tex. Crim. App. 2000) (plurality op.). Moreover, not every complaint about a trial judge's conduct or comments rises to a constitutional due process violation. *Barfield v. State*, No. 14-13-00518-CR, 2015 WL 1544790, at *9 (Tex. App.—Houston [14th Dist.] April 2, 2015, pet. filed).

The two categories of appellate complaints that are not subject to procedural default are (1) those involving systemic (or absolute) rights or (2) non-forfeitable rights that are waivable by the party to whom they belong if the waiver is affirmatively, plainly, freely, and intelligently asserted. *Marin*, 851 S.W.2d at 279. Appellant contends that his complaint falls within the first category. The first category concerns systemic requirements and prohibitions "which are essentially independent of the litigants' wishes." *Id*. at 278. The clearest example of these "absolute rights" or systemic requirements are laws affecting the jurisdiction of the courts. *Id*. at 279.

Although appellant argues the pervasive and harmful nature of the trial court's conduct and comments constitute fundamental error, he has not cited any case finding fundamental error involving comments or conduct similar to the ones in the record before us. Instead, appellant relies on *Jasper v. State*, 61 S.W.3d 413 (Tex. Crim. App. 2001) and *Moreno v. State*, 900 S.W.2d 357 (Tex. App.—Texarkana 1995, no pet.) both of which held the complained-of comments did not rise to the level of fundamental error. *See Jasper*, 61 S.W.3d at 421; *Moreno*, 900 S.W.2d at 360.

In *Blue v. State,* a plurality of the court of criminal appeals sustained the defendant's complaint involving the trial judge's improper comments to the venire, even though he did not object to the comments below. *See Blue,* 41 S.W.3d at 133, 135. Because the court did not agree on a rationale for the reversal, *Blue* has no precedential value, but may be considered for any persuasive value it may have. *See Unkart*, 400 S.W.3d at 100–101. The trial judge's comments in *Blue* concerned the defendant's plea bargain negotiations and vitiated the defendant's presumption of innocence in front of the venire, adversely affecting his right to a fair trial. We conclude *Blue* is not persuasive here, where there was no jury to taint and appellant's right to be presumed innocent was not an issue in light of his plea of "true" to the State's allegations in the revocation/adjudication motion and his guilty plea in the new offense.

In concluding that appellant's issue does not present fundamental error, we are not condoning the trial court's actions of which appellant now complains. We conclude only that because appellant never objected to the trial court's comments or conduct, he has failed to preserve this complaint for review. We overrule appellant's third and fourth issues.

In his fifth and sixth issues, appellant asserts the trial court arbitrarily refused to consider the full range of punishment when determining his sentence.[2] Specifically, he contends that the trial court's comments suggesting appellant should consider the State's plea bargain offer of ten years, rather than proceed with an open plea, because she might assess a sentence greater than ten years, affirmatively demonstrate the trial court refused to consider the entire punishment range applicable to the case and instead imposed a predetermined sentence. We do not agree.

After the trial court's initial inquiry about appellant's tattoo, the following exchange occurred:

> THE COURT: . . . You're on probation in F14-56218 for burglary of a habitation and in F13-56007. And then what happened? What happened? Why are we here? What are we doing?
>
> [DEFENSE COUNSEL]: We're going open before the Court, asking that the Court allow him to -- my client to stay on probation.
>
> THE COURT: So he picked up a new burg hab?
>
> [DEFENSE COUNSEL]: Yes. During the course of my conversations, he just -- he told me I can tell this to the Court -- he was under the influence of drugs when he was caught in the new house, so...

After additional discussion about appellant's tattoo, the trial court again suggested that appellant consider taking the State's offer of ten years. The judge asked additional questions about the tattoo and then noted that appellant tested positive only for marijuana. Appellant testified that he was on Xanax and liquor at the time he committed the new offense. The trial court noted that the CATS recommendation was that appellant undergo outpatient drug treatment. After more discussion, the trial court stated:

> THE COURT: Yeah. Wow. Wow. Wow. Wow. How are we going to clear that up? I don't know. I don't know. I don't know. I'm thinking ten might be good for

---

[2] Appellant argues these issues together and does not contend his right to due course of law under the Texas Constitution is greater than his right to due process under the federal constitution.

–10–

you than going open to me. Hold on. Let me see. Juvenile, two counts -- oh, no, you were burglarizing as a juvenile?

After appellant admitted he had juvenile cases, the judge stated, "Seriously, I might give him more than ten. Do you want to keep going open?" The hearing was then continued to allow appellant to confer with his attorney. When it resumed, appellant entered his open pleas and testified on his own behalf. At the end of the hearing, the trial court sentenced appellant to fifteen years' imprisonment in each case.

A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process and is a second category (non-forfeitable or waiver-only) right under *Marin* that is not subject to procedural default. *See Grado v. State,* 445 S.W.3d 736, 739 (Tex. Crim. App. 2014).[3] Burglary of a habitation is a second degree felony. TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). Accordingly, the range of punishment for both of appellant's offenses was two to twenty years' imprisonment. TEX. PENAL CODE ANN. § 12.33 (West 2011).

After hearing the evidence, the trial court sentenced appellant to fifteen years, which was within the applicable punishment range for the offenses. Although the sentence was greater than the State's plea bargain offer, there is nothing in the record before us suggesting that the trial court did not consider the full range of punishment available. The evidence showed appellant committed the new offense while on community supervision for another burglary. In determining punishment, the trial court had before it evidence of appellant's judicial confession in the new offense as well as appellant's testimony concerning his juvenile burglary offenses. Because the record does not support appellant's contention that the trial court prejudged

---

[3] *See also Jenkins v. State*, No. 05-14-00195, 2015 WL 3522813, at *3 (Tex. App.—Dallas June 3, 2015, no pet. h.) (mem op., not designated for publication) (complaint that trial court failed to consider full range of punishment may be raised for the first time on appeal).

–11–

appellant's punishment before hearing the evidence, we overrule appellant's fifth and sixth issues.

In his seventh issue, appellant asserts that the judgment adjudicating guilt in his deferred case should be reformed to reflect that the sentence he was assessed was not pursuant to a plea bargain agreement but was assessed by the court after his open plea of true to the State's allegation in the motion to adjudicate. The State agrees the judgment should be modified as requested.

Where, as here, the record provides the necessary information to correct inaccuracies in a trial court's judgment, we have the authority to modify the judgment to speak the truth. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The parties agree, and our review of the record confirms, that appellant entered an open plea of "true" to State's motion to adjudicate. Accordingly, we resolve appellant's seventh issue in his favor. We modify the judgment adjudicating guilt in trial court cause number F13-56007 to reflect that appellant pleaded "true" to the State's motion to adjudicate and the trial court sentenced appellant pursuant to an open plea rather than a plea bargain agreement with the State.

We affirm the trial court's judgment in trial court cause number F14-56218-Q. We modify the judgment adjudicating guilt in trial court cause number F13-56007-Q to reflect that appellant pleaded "true" to the State's motion to adjudicate and the trial court sentenced appellant pursuant to an open plea rather than a plea bargain agreement with the State. We affirm the judgment in F13-56007-Q as modified.

Do Not Publish
TEX. R. APP. P. 47                                    /David W. Evans/
141315F.U05                                          DAVID EVANS
                                                    JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL ALEXANDER GAYTAN,
Appellant

No. 05-14-01315-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F14-56218-Q
Opinion delivered by Justice Evans, Justices
Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2015.



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DANIEL ALEXANDER GAYTAN,
Appellant

No. 05-14-01316-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1356007-Q.
Opinion delivered by Justice Evans. Justices
Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the section "Terms of Plea Bargain," "15 years TDC" is deleted and
replaced with "Open."

We **AFFIRM** the judgment as **MODIFIED**.

Judgment entered this 31st day of July, 2015.